### CITY COUNCIL OF AUGUSTA *et al. v.* BREDENBERG.

ATKINSON, J. The City of Augusta owned and maintained a cemetery. An ordinance was duly passed declaring: "The City Cemetery shall be under the special charge of a committee to be styled, 'The Committee of City Cemetery.' It shall be the duty of said committee,

whenever it becomes necessary, to lay out or alter such avenues or walks and to make such rules and regulations as they may deem requisite and proper for the management of said cemetery and those employed therein." Thereafter another ordinance was adopted, which provided that the city council shall elect "an officer who shall be known as 'Cemetery Brickmason and Gravedigger.'" The ordinance also specified that the officer should maintain an office in the cemetery, and provided that his term should be for three years, and that he should receive specified fees for digging graves and constructing vaults; and provided further, "that any brickmason shall have the privilege of doing this work when called on." This ordinance was amended by another ordinance by striking out the words last quoted, and inserting in lieu thereof the words: "That any brickmason resident and doing business in the City of Augusta shall have the privilege of doing any work in the cemetery, except such work as specifically provided for in section 2 of this ordinance" (digging of graves and constructing vaults). Prior to the amendment last mentioned a person had paid to the city treasurer the customary price for certain lots, and received certificates signed by the city sexton and countersigned by the city treasurer, which, omitting dates, names, description of land, and consideration, were as follows: "This is to certify that————has bought of the City Council of Augusta————section in the City Cemetery, known on plan of same as————section and numbered ————for sum of $————, the receipt whereof is hereby acknowledged; and this certificate and receipt when countersigned by the Collector and Treasurer will give the purchaser a fee-simple title." After the passage of the ordinance last mentioned the person holding the certificates to the lots employed a person who for a number of years had been city sexton, to remove the body of the deceased wife of the holder of the certificates from one lot to another lot in the cemetery, which involved the digging of graves. When the person so employed requested permission from those in charge of the cemetery to dig the graves, he was denied the privilege of doing so, for no other reason than that, under the ordinance last mentioned, no person was authorized to dig graves or construct vaults other than the city brickmason and gravedigger. *Held:*

1. The holder of the certificates for the burial lots did not by virtue of such certificates become the owner of the fee in the lots, but merely of an easement therein for the purpose of burying the dead and maintaining the grounds as a burial-place, subject to reasonable control and regulations by the city. *Nicolson* v. *Daffin*, 142 *Ga.* 729 (83 S. E. 658, L. R. A. 1915E, 168); *Stewart* v. *Garrett*, 119 *Ga.* 386 (46 S. E. 427, 64 L. R. A. 99, 100 Am. St. R. 179).
2. The right of the holder of the easement was subject to the subsequent regulation imposed by an ordinance providing that no person other than the city brickmason and gravedigger should dig graves or construct vaults in the city cemetery.
3. The provision of the ordinance mentioned in the preceding note was not unreasonable solely because of its exclusiveness, and was not in violation of the due-process clause or the equal-protection clause of the con-

stitution of the United States or of the constitution of the State of, Georgia.

4. It was erroneous to enjoin the city and its officers from enforcing the ordinances mentioned above, in so far as they prevented the plaintiff from digging graves and constructing vaults in the city cemetery.

*Judgment reversed. All the Justices concur.*
FEBRUARY 14, 1917.

Injunction. Before Judge Hammond. Richmond superior court. February 14, 1916.

*Isaac S. Peeples Jr.,* for plaintiff in error.

*C. H. & R. S. Cohen,* contra.