MORRIS MEYERS, as Trustee, etc., Respondent, *v.* KNIGHTS OF PYTHIAS BRONX TEMPLE ASSOCIATION, INC., and Others, Defendants, Impleaded with PETER COOPER BRYCE and HENRY B. CLOSSON, as Executors, etc., of EDITH C. BRYCE, Deceased, Appellants.

First Department, July 2, 1920.

**Summary proceedings — proceedings against receiver appointed in action to foreclose leasehold mortgage — stay on application of plaintiff in foreclosure — insufficiency of moving papers.**

An order staying summary dispossess proceedings against a receiver appointed in an action to foreclose a mortgage on leasehold property based on the non-payment of rent, should not be granted on the application of the plaintiff in the foreclosure action where the owners of the property were not made parties to that action and did not appear therein except specially to apply for permission to commence summary proceedings against the receiver, and the theory that the summary proceedings were not sustainable because the provision as to the rent reserved had been modified was

not supported by papers of any probative force, but the only papers presented on the application were an unverified proposed amended and supplemental complaint and the affidavit of an attorney associated with the plaintiff's attorneys in the action who was not shown to have had any personal knowledge as to the alleged modification, and the absence of an affidavit from the proper parties was not explained.

APPEAL by the defendants, Peter Cooper Bryce and another, as executors, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 25th day of May, 1920, staying summary proceedings in the Municipal Court of the City of New York until the trial and determination of this action.

*Albert S. Wright* of counsel [*Parsons, Closson & McIlvaine,* attorneys], for the appellants.

*Morse S. Hirsch* of counsel [*Morris & Samuel Meyers,* attorneys], for the respondent.

DOWLING, J.:

This action was brought to foreclose a mortgage held by plaintiff as trustee, for bondholders, upon leasehold property known as the Knights of Pythias Temple in East One Hundred and Forty-ninth street between Gerard and Walton avenues in the borough of The Bronx, city of New York. The lease to said premises made by Peter Cooper Bryce and Henry B. Closson, as executors of the last will and testament of Edith C. Bryce, deceased, to Knights of Pythias Bronx Temple Association, Inc., is under seal, bears date October 5, 1917, and extends until May 1, 1939, at a rental of $12,400 per annum, and in addition thereto nine per cent of the amount by which the cost of constructing the building to be erected thereon by the lessors should exceed $110,000, as well as fire insurance premiums. The cost of constructing the building was $228,778.03, making the aggregate annual rental upon the basis indicated by the lease $23,090.02, payable in equal monthly payments of $1,924.17 in advance on the first day of each month.

The summons and original complaint in this action do not appear in the record on appeal, but by the caption of the affidavit on which the stay was granted it appears that the

action was brought only against the Knights of Pythias Bronx Temple Association, Inc., Pythian Temple Catering Co., Inc., James Gregory, doing business as Auto Sales Guarantee Co., Edward Boyd and John Doe and Richard Roe, tenants of the premises. The landlords were not parties originally to this action, as an opposing affidavit shows, nor did they appear therein save specially in order to move for leave to sue in the Municipal Court suit next set forth the receiver appointed in this action, which leave was granted.

On May 5, 1920, the landlords instituted summary dispossess proceedings in the Municipal Court, Borough of The Bronx, Second District, for the non-payment of rent reserved under the lease amounting to $27,230.98, being the balance due for the period from February 1, 1919, to April 1, 1920.

On May 22, 1920, an order to show cause was obtained by plaintiff why a stay of the summary proceedings should not be granted. This order was based on (1) the affidavit of Louis J. Elias, and (2) an unverified proposed amended and supplemental complaint. The affidavit sets forth the application to the Supreme Court by the landlords for leave to sue the receiver in the summary proceedings, and that plaintiff on the argument of the application claimed that the rent reserved in the written lease had been modified, but the court granted the motion on the ground that there was no allegation of any modification of the lease in the complaint herein and the executors were not parties to the action. The affiant claims that it is doubtful whether the Municipal Court has jurisdiction to determine the question whether the lease has been modified.

The answering affidavits on this motion deny that any modification or amendments of the lease have ever been made, either orally or in writing.

The moving papers herein were of no probative force or effect whatever, and were entirely insufficient to justify the granting of the stay. The proposed amended and supplemental complaint was not verified, and was valueless for any purpose. The only affidavit submitted on plaintiff's behalf was not that of the plaintiff, nor of one of his attorneys, but of an attorney at law associated with them in this action, who had charge of the same since its inception. He is not

shown to have any personal knowledge whatever of the facts in relation to the lease in question, or to the alleged modification thereof, nor is the absence of an affidavit from the proper parties explained in any way. No effort was made to supply any further affidavit in support of the motion, which, therefore, should have been denied.

The order appealed from will be reversed, with ten dollars costs and disbursements, and the motion for a stay denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.