EDWARD J. ADELSON, Who Sues on Behalf of Himself and All Other Tenants of No. 418 West 130th Street, Borough of Manhattan, City of New York, Similarly Situated, Respondent, v. SACRED ASSOCIATES REALTY CORPORATION, Appellant.   (No. 1.)

First Department, July 2, 1920.

Landlord and tenant — equity — suit to restrain summary proceedings by landlord — when tenant's legal remedy is adequate — waiver of defense of adequate remedy at law — specific performance does not lie to compel renewal of lease — multiplicity of actions.

A tenant who has a lease giving an option to renew the same and who is threatened with ejectment by summary proceedings cannot maintain, on his own behalf and on behalf of other tenants of the defendant similarly situated, a suit in equity to enjoin the prosecution of the summary proceeding, for he has an adequate remedy at law in that his defenses may be asserted in such proceeding.

The defendant landlord sued in equity can raise the issue that the plaintiff has an adequate remedy at law upon a demurrer if the complaint does not show upon its face that there is no adequate legal remedy.  But the service of an answer in which it is not alleged that the plaintiff has a remedy at law is a waiver to that defense.

The plaintiff cannot base his right to recover in equity upon the theory that his right to renew the lease entitles him to specific performance, for he may renew without a new lease.

The plaintiff may not support his suit in equity on the theory that by suing on behalf of other tenants similarly situated it will avoid a multiplicity of actions, where the other tenants do not hold under the same lease with the plaintiff, but hold under separate and different instruments, so that the plaintiff has no interest whatever in the controversy between them and the defendant.

APPEAL by the defendant, Sacred Associates Realty Corporation, from an order of the Supreme Court, made at the

New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of May, 1920, overruling the defendant's demurrer to the complaint and denying its motion for judgment upon the pleadings dismissing the complaint.

*Alfred G. Reeves* of counsel [*Edward P. Sobel* with him on the brief], for the appellant.

*Jeremiah T. Mahoney* of counsel [*J. Archer Hodge* with him on the brief; *Phillips, Mahoney & Leibell*, attorneys], for the respondent.

SMITH, J.:

The action is in equity by a tenant representing himself and in behalf of all other tenants of 418 West One Hundred and Thirtieth street, enjoining the defendant from proceeding in summary proceedings to eject the plaintiff and other tenants of the said building holding under similar leases. The allegations of the complaint are to the effect that Hyman Sonn, Henry Sonn and Sidney Sonn were the owners of a large part, if not all of the stock of two corporations, the Manhattan Leasing Company and the St. Helena Realty Company, and that while owning a minority interest in the stock of the Convent Holding Corporation, these three were in fact in control of the said Convent Holding Corporation. The defendant, the Sacred Associates Realty Corporation, which is now the owner of said property, is not shown in any way to be under the control or management of these brothers.

On and prior to September 9, 1918, the title to this property was in the St. Helena Realty Company. Upon the said 9th day of September, 1918, a lease was executed between the Manhattan Leasing Company and the Convent Holding Corporation, by which the Manhattan Leasing Company assumed to lease to the Convent Holding Corporation the said apartment house from a date prior to September 9, 1918, to September 30, 1921. The Manhattan Leasing Company does not appear at any time to have had the title to said property, but it is fairly to be inferred from the pleadings that in making this lease the Manhattan Leasing Company

Adelson *v.* Sacred Associates Realty Corp.  No. 1.  603

App. Div.]        First Department, July, 1920.

acted as the authorized agent, both of the St. Helena Realty Company and of the Sonn Brothers who were the practical owners of said company. On September 9, 1918, this plaintiff leased from the Convent Holding Corporation apartment 38 in said apartment house for the term of two years, to commence October 1, 1918, and to end September 30, 1920, and the plaintiff agreed to pay the said landlord the yearly sum of $600 in equal monthly payments of $50 each in advance. The 11th paragraph of this lease contains the following stipulation:

" *Eleventh.* The tenant hereby agrees to notify the landlord of his intention either to vacate his apartment at the expiration of the term hereof, or to renew the term of this lease for a further period at least three months prior to the expiration of the term of this lease and the tenant further agrees that if he should fail to notify the landlord in writing of his intention to vacate his apartment at least three months prior to the expiration of this lease, such failure shall constitute a renewal of this lease for a further period of one year, to wit, from October 1st, 1920, to September 30th, 1921, at a yearly rental of $660, payable in equal monthly instalments of $55 on the first day of each and every month in advance and subject to all the other terms and conditions in this lease contained."

Upon the 1st day of March, 1920, the said apartment house was conveyed by the St. Helena Realty Company to the defendant in this action, and the defendant thereupon took possession thereof. On the 19th day of March, 1920, plaintiff had served upon the defendant a notice in writing of his intention to renew the term of his lease from the Convent Holding Corporation for a period from October 1, 1920, to September 30, 1921, at a yearly rental of $660, payable in equal monthly installments of $55 on the first day of each and every month.

In the 22d paragraph of the complaint it is stated that the defendant claims that in the agreement or lease between the Manhattan Leasing Company and the Convent Holding Corporation there was a clause to the effect that in case said premises should be sold said lease should terminate at once. The complaint does not state whether or not such a clause

was, in fact, included in the lease to the Convent Holding Corporation, and does not deny that such a clause was contained therein. Upon March 30, 1920, this defendant served upon the plaintiff notice that as the landlord of said premises it elected to terminate that lease, and further "that unless you remove therefrom on the 30th day of April, 1920, that being the day on which your term expires, the landlord will commence summary proceedings under the Statute to remove you from said premises."

On March 1, 1920, notice was served upon the plaintiff that the defendant had, by purchase, become the owner of said property, and that thereafter payments of rent were to be made to that company and such payments were made by all of said tenants and under their respective leases, and they duly attorned to said defendant, who accepted such rents paid in that manner. It is further alleged that upon March 2, 1920, the plaintiff forwarded to the defendant a check for fifty dollars, and indorsed upon that check the statement that such payment was made under the lease dated September 9, 1918, which he held for the occupancy of said apartment 38, and that such check was received by the defendant and paid to the said defendant under the terms and conditions thereon expressed. It is alleged that the other tenants of said premises occupied their apartments under similar leases with a similar right to renewal. It is not alleged, however, that the other tenants made specific payment by any check reciting that the check was upon the existing leases, or that the same was received and accepted by the defendant under the terms of such lease.

The defendant's challenge to the complaint is mainly upon the ground that the plaintiff has an adequate remedy at law and that, therefore, this action in equity will not lie. The plaintiff's attorney summarily dismisses this argument under the authority of *Bloomquist* v. *Farson* (222 N. Y. 375), claiming that this question cannot be raised by demurrer to the complaint, but can only be raised by an answer alleging that the plaintiff has an adequate remedy at law. That, however, was a case in which an answer had been interposed in which no such defense was asserted. The evidence had been introduced, and at the close of plaintiff's case the objection was

for the first time raised that the plaintiff had an adequate remedy at law, and the court there held that the question could not be first raised at that time.

It has been the uniform rule in this department and in the Court of Appeals that the service of an answer in which it is not alleged that the plaintiff has a remedy at law is a waiver to that defense. Upon demurrer, however, before the service of an answer, the defense is available to the defendant if, in fact, the complaint does not show upon its face that there is no adequate remedy at law. (*Low* v. *Swartwout*, 171 App. Div. 725; *Reich* v. *Cochran*, 162 id. 619; revd., upon other grounds, 213 N. Y. 416.)

In considering the question we will assume for the argument that the defendant corporation at the time of its purchase of the real estate in question had full knowledge of the plaintiff's rights under his lease. The plaintiff was in possession of the premises, and that fact itself gave notice to any purchaser of any rights under which he claimed. We will assume, further, for the argument that the Manhattan Leasing Company had full authority to execute the lease to the Convent Holding Corporation in behalf of the real owner, the St. Helena Realty Company. We may further assume for the argument that the plaintiff, upon March second, in sending his check for the monthly payment included therein a statement that it was upon his lease executed September ninth. Nevertheless, these facts could properly be asserted as defenses in summary proceedings if they be sufficient to give to the plaintiff any right to continue his lease until September 30, 1921, so that these facts furnish no ground for the interposition of equity to enjoin the prosecution of such proceeding. The law gives to the defendant an adequate remedy in his defense in summary proceedings. (See Code Civ. Proc. § 2244, as amd. by Laws of 1920, chap. 132.)

It is further claimed that the plaintiff has the right to a specific performance of the agreement to renew the lease for another year, and that the action is maintainable in equity for that purpose. In *Maisel* v. *Shanholt* (189 App. Div. 831) it is held: " Where a lease in writing gives to the tenant an ' option to renew lease for same term of years ' the tenant may renew without a new lease for an additional term, and,

hence, cannot maintain a suit in equity for the specific performance of the renewal agreement." (See, also, *Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334, 340, 341.)

It is further claimed that this action in equity may be maintained in the plaintiff's behalf, and in behalf of all other tenants of the said building occupying relations similar to those of the plaintiff. These other tenants, however, did not hold under the same lease under which the plaintiff held, but each held under a different instrument. The plaintiff has no interest whatever in any controversy between the defendant and these other tenants, nor have these other tenants any interest whatever in the plaintiff's lease. They have no common interest in any property, as each is interested in his individual apartment which he has separately leased from the Convent Holding Corporation. As to the right of the plaintiff which he claims by reason of his having placed upon his check for the March rent that the same was paid in pursuance of his individual lease, a question is raised which may not be raised in any controversy between the defendant and any other tenant, and we are referred to no authorities holding under similar conditions that such an action may be maintained by one tenant in behalf of all for the purpose of avoiding a multiplicity of actions, or for any other purpose. (See *Bouton* v. *Van Buren*, 229 N. Y. 17.)

We are of opinion, therefore, that the order must be reversed, with ten dollars costs and disbursements, and the defendant's motion for judgment on the pleadings granted, with ten dollars costs, the demurrer sustained and judgment entered sustaining the demurrer.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and judgment ordered sustaining the demurrer.