MORRIS MEYERS, as Trustee, etc., Respondent, *v.* KNIGHTS OF PYTHIAS BRONX TEMPLE ASSOCIATION, INC., and Others, Defendants, Impleaded with PETER COOPER BRYCE and HENRY B. CLOSSON, as Executors, etc., of EDITH C. BRYCE, Deceased, Appellants.

First Department, December 17, 1920.

Mortgages — action to foreclose mortgage on leasehold — bringing in landlord as defendant — stay of summary proceedings brought by landlord — accepting rent under modified lease as confirming authority of representative to make it — verbal modification reducing rent void under Statute of Frauds — part performance not shown — specific performance of agreement to modify lease — when tenant not in default in payment of rent — failure to give notice to tenant in summary proceedings — summary proceedings not stayed where defense could have been asserted therein.

In an action to foreclose a mortgage on a leasehold estate the plaintiff, who was trustee in the mortgage, made a motion to be allowed to serve a supplemental summons and complaint which would bring in the landlord as a party to the action in which the relief demanded was that a summary proceeding instituted by the landlord against the mortgagor be stayed pending a determination of the foreclosure proceedings, and that the landlord execute a modified lease which it was claimed had been agreed on between the landlord and the tenant, the mortgagor.

*Held,* that it was proper to bring in the landlord as a party to the foreclosure action because the execution of the modified lease and the stay of the summary proceedings go directly to the value of the leasehold estate, upon which the mortgage stands.

It was not necessary to allege that the representative of the landlord who made the agreement for the modified lease had authority to do so, since

it appeared that the landlord received the rent provided for by the modified · lease, and acted in confirmation of that agreement.

The alleged verbal agreement between the landlord and tenant, made shortly after the execution of a twenty-one-year lease under seal whereby the rental was reduced, was void under the Statute of Frauds because not to be performed within one year.

There was no such part performance of the verbal agreement between the landlord and tenant to modify the lease as to authorize the court to enforce the same, or compel the landlord to execute it.

The tenant was not in default in the payment of rent on the original lease during the period that the landlord accepted the reduced rent under the alleged modified agreement.

The summary proceedings were not maintainable for the reason that the landlord failed to give the tenant a three days' notice as required by subdivision 2 of section 2231 of the Code of Civil Procedure.

But the summary proceedings cannot be stayed in the foreclosure action inasmuch as the defense stated could have been asserted in said proceedings.

APPEAL by the defendants, Peter Cooper Bryce and another, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 25th day of September, 1920, granting plaintiff's motion for leave to serve and file a supplemental summons and complaint and staying summary proceedings in the Municipal Court until the trial and determination of this action.

*Albert S. Wright* of counsel [*Parsons, Closson & McIlvaine,* attorneys], for the appellants.

*Morris Meyers* of counsel [*Morris & Samuel Meyers,* attorneys], for the respondent.

SMITH, J.:

The executors of Edith C. Bryce owned some property upon which the Knights of Pythias desired to construct a building. They thereupon executed under seal a lease of said premises for the term of twenty-one years to the Knights of Pythias. The executors of the Bryce estate were to construct a building and the rent was to be determined upon the basis of the cost of that construction. It was contemplated to build a building which would cost about $100,000 or $120,000. The building, in fact, cost nearly twice that amount, so that upon the basis of the construction under the terms of the lease, the Knights of Pythias were to pay upwards of $20,000 a year rent. After the construction of the building there were some differences

between the executors of the Bryce estate and the Knights of Pythias, and some claims between them as to which one should pay for certain additions. These were adjusted between the parties, and it is claimed that there was an agreement then made to reduce the rent to about $5,000, or about one-fourth of what the rent would be under the original agreement, and that the executors of the Bryce estate received that rent for over a year after such an agreement is claimed to have been made. The Knights of Pythias executed a mortgage upon their leasehold interest upon which mortgage moneys were received, and these moneys in part at least were paid by the Knights of Pythias to the Bryce estate upon their obligations under the contract. Thereafter the interest upon that mortgage not having been paid by the Knights of Pythias, the trustee under that mortgage brought an action to foreclose the mortgage, and a receiver was appointed in that action. In that action the executors of the Bryce estate were not made parties. (See 192 App. Div. 460.) After the commencement of this foreclosure action the Bryce estate brought a summary proceeding to eject the defendants for non-payment of rent, whereupon this trustee of this mortgage, the plaintiff in the foreclosure action, makes this motion, in the first place, to be allowed to serve a supplemental summons and complaint which would bring in the Bryce estate as parties to the action, and enjoin the Bryce estate from proceeding in summary proceedings and asking further relief against the Bryce estate compelling the Bryce estate to execute a new lease, which is claimed to have been agreed upon at the time of the adjustment between the Bryce estate and the Knights of Pythias and the agreement to reduce the rent. This motion also asked for a stay of the summary proceedings pending a determination of that action, and this motion was granted, and from the order granting this motion the executors of the Bryce estate are appealing.

The objection first made by the appellants is that the executors of the Bryce estate are not parties to that action, and, therefore, cannot be enjoined or stayed by a motion made in that action, and that the only remedy of the plaintiff is to bring a separate action in equity. It seems to me a complete answer to this objection that this order brings in the Bryce estate as parties to that action, and properly so, because the

execution of the new lease and the stay of summary proceedings go directly to the value of this leasehold estate, upon which the mortgage stands, and of which mortgage the plaintiff is the trustee.  The plaintiff might have proceeded by a separate action in equity against the executors of the Bryce estate, wherein a stay of the summary proceedings might have been obtained.  They also may bring the executors of the Bryce estate into this action and obtain the same relief to which they would have been entitled if the executors of the Bryce estate had been made a party to the original action and the execution of the new mortgage and stay of summary proceedings had been there demanded.

The appellants further complain that the defendants' allegation is that this agreement for this new lease is alleged to have been made with " the representative " of the said executors, and that there is no authority alleged in said representative to make such an agreement.  But the fact that the executors of the Bryce estate for more than a year received the rent provided for by the new agreement, and acted in confirmation of that agreement, would seem to constitute a ratification of the acts of the representative, whether or not he was originally authorized to make the agreement.

The difficulty with the order is that the plaintiff is endeavoring to establish a parol modification of a lease under seal. Under the authorities which are now well recognized, an instrument under seal cannot be modified by parol.  (*McKenzie* v. *Harrison,* 120 N. Y. 260; *Stevenson Brewing Co.* v. *Junction Realty Co.,* 156 App. Div. 271.)  It would seem to follow, as a corollary, that an instrument under seal cannot be modified by a parol agreement to execute another instrument which should vary the rights and obligations existing under the sealed agreement.

I am unable to find any such part performance of this claim-modified agreement so as to authorize the court to enforce the same, or to compel the defendants to execute such a modified agreement.  That this modification of the agreement is void under the Statute of Frauds* would seem to

---

* See Pers. Prop. Law, § 31, subd. 1; Real Prop. Law, §§ 242, 259, 270.— [REP.

be clear, because it was not to be performed within a year. While part performance in many cases will entitle a party to specific performance of an oral agreement, void under the Statute of Frauds, it is not clear that part performance of a parol modification of a sealed instrument will entitle the party to enforce such modification. It is not necessary here to determine that question because there has been in my judgment no such part performance as would take the case even out of the condemnation of the Statute of Frauds. Certain claims were adjusted as that part performance. Rent was paid under the agreement as modified, but a less amount than was provided in the original agreement. It has been held that the payment of full consideration is not a sufficient part performance to take a contract out of the statute. (*Russell* v. *Briggs*, 165 N. Y. 500.) There has been no such part performance here as cannot be adequately adjusted in a legal action between the parties, so that the plaintiff has not escaped the condemnation of the Statute of Frauds itself. Under this parol modification, however, as alleged in the complaint, the Bryce estate accepted these payments of rent as in full performance of the modified contract up to and including April, 1920. In *McKenzie* v. *Harrison* (120 N. Y. 260) the opinion of the court in part reads: " Neither shall we question the views of the court below to the effect that the alleged oral agreement in this case to reduce the rent $1,000 per year was void and inoperative in so far as it remained unexecuted. The lessors had the right to repudiate it at any time and demand the full amount of rent provided for by the lease; but in so far as the oral agreement had become executed, as to the payments which had fallen due and had been paid and accepted in full as per the oral agreement, we think the rule invoked has no application." If the allegations of the complaint be true, the acceptance of this modified rent to and including April, 1920, was in execution of the parol modification of the lease, and the Bryce estate has no longer the right to claim that the Knights of Pythias were in default up to the 1st of May, 1920. At that time, however, the Bryce estate repudiated the modified contract if one were made, and insisted upon the full payment of the rent due under the original lease. But summary proceedings cannot

be maintained for the rent due the first of May for the reason that the Bryce estate has failed to give a three-day notice as required by subdivision 2 of section 2231 of the Code of Civil Procedure. While, therefore, the plaintiff was not entitled to a decree modifying the original agreement under seal, nevertheless, the summary proceedings were unauthorized and the plaintiff was entitled to enjoin the enforcement of the same, unless such defense could be asserted in the summary proceeding itself in the Municipal Court, in which case an action in equity will not lie. That such a defense can be so asserted is established by authority. (Code Civ. Proc. § 2244; *Stevenson Brewing Co.* v. *Junction Realty Co.,* 156 App. Div. 271; *Burgener* v. *O'Halloran,* 111 Misc. Rep. 203; *Adelson* v. *Sacred Associates Realty Corp., No. 1,* 192 App. Div. 601.) It follows that the order granting the motion of the plaintiff is reversed, with ten dollars costs and disbursements, and the motion for leave to serve a supplemental complaint and for a stay of the summary proceedings is denied, with ten dollars costs.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur.

PAGE, J. (concurring):

I agree with Mr. Justice SMITH that the plaintiff has not shown facts sufficient to establish his right to a modification of the lease. Furthermore I fail to discover any right to restrain the executors of the Bryce estate from dispossessing the tenant upon non-payment of the rent reserved. The plaintiff's mortgage was a lien upon the term of the tenant in the lease. It was not paramount but was subordinate to the landlord's rights under the lease. Upon failure to pay the rent the landlord had the right to dispossess the tenant and any one claiming under it. If the plaintiff desired to protect his rights as mortgagee he should pay the rent due. Until this rent is either paid or a tender thereof made and refused, the plaintiff herein has no right of action against the landlord to restrain the prosecution of the dispossess proceeding.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.