CERTIA *v.* UNIVERSITY OF NOTRE DAME DULAC ET AL.

[No. 11,697. Filed October 31, 1923. Rehearing denied January 10, 1924. Transfer denied March 11, 1925.]

1. PARTIES.—*Common interest in cause of action necessary to enable one person to sue for others.*—A party who sues for the benefit of others under §270 Burns 1914, §269 R. S. 1881, must have an interest in the controversy common with those for whom he sues, and there must be such unity of interest between him and all such other parties as would entitle them to maintain the action if suit were brought by them jointly. p. 544.

2. PARTIES.—*If plaintiffs' interests are separate, one cannot sue for benefit of all.*—If the interests of various plaintiffs are separate, one cannot sue for the benefit of all, for persons having separate interests cannot join in an action. p. 544.

3. CEMETERIES.—*Owner of lot has property right which the law protects from invasion.*—While the owner of a lot in a cemetery has only the right of burial therein, his interest is a property right which the law recognizes and protects from invasion. p. 545.

4. PARTIES.—*Complaint in behalf of numerous persons must show joint cause of action in favor of all plaintiffs or it is demurrable.*—Where a party sues for himself and for others similarly situated, the complaint must show a joint cause of action in favor of all or it is subject to demurrer. p. 546.

5. PARTIES.—*Complaint by lot-owner in cemetery suing in behalf of himself and other lot-owners demurrable for want of common interest.*—One owner of a lot in a cemetery cannot maintain an action for himself and other lot-owners to enjoin the corporation owning the cemetery from granting permits for burials in the walks and pathways of the cemetery and to cause the removal of bodies already buried therein, as their interests are separate, and a complaint which does not show a common interest between the plaintiff and the other lot-owners in whose behalf he sues is demurrable. p. 546.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Suit by Joseph P. Certia in behalf of himself and others against the University of Notre Dame DuLac and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Harry S. Taylor, Edwin J. Bower* and *Isaac Kane Parks,* for appellant.

*Hubbard, Farabaugh & Pettingill* and *Walter R. Arnold,* for appellees.

NICHOLS, J.—This action was brought by appellant against the appellees on behalf of himself and other persons aggregating one hundred or more who have friends and relatives buried in Cedar Grove cemetery, in St. Joseph county, praying an injunction to prevent the burial of the dead in the walks and paths in said cemetery, and to cause the removal of bodies already buried therein by the appellees, who are the owners of the cemetery and who have control of the burial of the dead therein.

In the amended complaint, which consists of one paragraph, briefly stated, it is charged that appellee University of Notre Dame Du Lac is a corporation, and that the other appellees are its officers, and own and control a cemetery in St. Joseph county, for the burial of persons dying in the Catholic faith; that said cemetery contains approximately twelve acres of land, and is divided into about 2,172 burial lots and designated in sections A, B, C, D and E, which sections are bounded by driveways, and which burial lots are bounded with walks and paths on the east and west end of each lot, and at least one walk eight feet wide, running east and west across the entire length of said cemetery a distance approximately of 1,150 feet, corresponding with the adjacent section, all of which said

walks connect with driveways, paths and walks leading to and from said lots throughout said grounds; that appellant and others on whose behalf he sues have numerous relatives and friends buried therein in respective lots laid out, and have permits given them to bury the dead in said lots, to the number of hundreds of the dead; and that appellees were selling permits, and were burying other dead in the paths and walks surrounding these lots which obstructed the walks and paths as they were originally laid out in the cemetery, and which destroyed the identity of the graves of the dead buried in the lots. To the amended complaint, appellees filed their separate and several demurrer for want of facts, which was by the court sustained, to which ruling of the court, appellant at the time excepted, and therein did abide the demurrer and refused to plead further, and the court rendered a judgment against him. From this judgment, this appeal is taken, and appellant assigns as error the action of the court in sustaining appellees' demurrer to the amended complaint.

It is provided under §270 Burns 1914, §269 R. S. 1881, that: "Of the parties in an action, those who are united in interest must be joined as plaintiffs or defendants, * * * and when the question is one of common or general interest of many persons, or where the parties are numerous, and it is impossible to bring them all before the court, one or more may sue or defend for the benefit of the whole." In such event, the party who sues must have an interest in the controversy common with those for whom he sues, and there must be that unity of interest between him and all such other parties that would entitle them to maintain the action if suit was brought by them jointly. The action is, in effect, brought by all of the parties, and the party named as the plaintiff

stands simply as the representative of himself and all of the others. 1 Watson's Revision Works' Practice, §249. If the interest is separate, then the action must be brought separately by each person interested, for those having a separate interest cannot join in the action. *Shoemaker* v. *Board, etc.* (1871), 36 Ind. 175, 181.

It is true that the instrument of conveyance to appellant gave only the right of burial or sepulture in lot 31C in such cemetery, but the fact that such

3. conveyance was not of the fee simple can make no difference. His interest in the lot was such a property right as the law recognizes and protects from invasion. *Brown* v. *Hill* (1918), 284 Ill. 286, 119 N. E. 977; *Augusta* v. *Bredenberg* (1917), 146 Ga. 459, 91 S. E. 486; *Roanoke Cemetery Co.* v. *Goodwin* (1903), 101 Va. 605, 44 S. E. 769; *Hertle* v. *Riddell* (1907), 127 Ky. 623, 106 S. W. 282, 15 L. R. A. (N. S.) 796, 128 Am. St. 364. The last case cited states the rule to be that while the purchaser of a cemetery lot does not acquire a fee simple title thereto, he has a property right in the lot which he is entitled to protect from invasion, whether by a trespasser or the unauthorized or illegal acts of the directors of the corporation. This authority is of especial interest in that it reviews other authorities pertaining to this question.

In *Burke* v. *Wall* (1877), 29 La. Ann. 38, 29 Am. Rep. 316, it was held that the purchaser of a cemetery lot, whether he acquire an absolute or qualified property therein, is entitled to the equitable remedy of injunction to protect him in the full enjoyment of the lot, and that where a cemetery lot is sold with reference to a plan in which appears an avenue leading to the lot, and so affords access to and from it, that avenue becomes a servitude in favor of the lot and cannot be closed.

It will be observed, however, that each of these actions was several, and that there was no attempt to join others averred to have a common, joint interest in the controversy.

Where a party sues for himself and for others similarly situated, the complaint must show a joint cause of action in favor of all and if it does not, it is

4. bad on demurrer. *State, ex rel.,* v. *Holt* (1904), 163 Ind. 198; *Overton* v. *Overton* (1906), 123 Ky. 311, 96 S. W. 469; *Prospect Park, etc., R. Co.* v. *Morey* (1913), 140 N. Y. Supp. 380, 155 App. Div. 347; *Adelson* v. *Sacred Associates Realty Corp.* (1920), 183 N. Y. Supp. 265, 192 App. Div. 601; *Beecher* v. *Foster* (1901), 51 W. Va. 605, 42 S. E. 647; *George* v. *Benjamin* (1898), 100 Wis. 622, 76 N. W. 619, 69 Am. St. 963; *Linden Land Co.* v. *Milwaukee, etc., Co.* (1900), 107 Wis. 493, 83 N. W. 851.

In this case, it is apparent that appellant had a several interest in the lot which was owned by him, and in which reposed his dead, and that each of the

5. other owners of lots in the twelve-acre cemetery had a several interest in such lot so owned by him, and that each had a right to protect from invasion the particular lot owned by him, as well as the right of ingress and egress thereto. But, while it may be conceded that any one of the owners of such cemetery lots had a right to protect his property from invasion and to maintain his right of access thereto, it does not follow that he may assert such right with reference to some other lot in which he has no property interest, in another section of the cemetery and remote from his own. Such right, of necessity, belongs severally and peculiarly to the owner of the lot. Let us assume that some one of the "other persons aggregating 100 or more who have relatives buried in Cedar Grove Cemetery," having occupied all of the space in his lot with

the burial of his dead, has applied to appellees for privilege to bury in the walk, driveway or path contiguous to such lot, the same being remote from appellant's lot, that such privilege of burial in the walk, driveway or path has been granted, and that there has been a burial therein; appellant has not been injured thereby for the reason that the location is remote from his own; yet, by this action, he seeks to represent such lot-owner so remotely located and to whom such privilege has been granted, and if he were to prevail in this action, would compel appellees to cause the removal of such other person's dead from the walk, driveway or path contiguous to his lot, much to the distress of such person whom he seeks by this action to represent. Appellant has interest in the walk, path or driveway only in so far as it affects his own lot. The interest of appellant and of other lot-owners remotely located in said cemetery is not a common interest, and this action in which he seeks to represent them cannot be maintained.

We hold that the demurrer was properly sustained. Judgment is affirmed.