SILF SKIN, INC., Formerly SILK SKIN, INC., et al., Respondents, v. HARRY A. STRASBERG et al., Appellants, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Present — Dore, J. P., Cohn, Breitel and Bergan, JJ.

■

ELGIN NATIONAL WATCH COMPANY v. BULOVA WATCH COMPANY.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Present — Peck, P. J., Cohn, Callahan and Van Voorhis, JJ. [See ante, p. 219.]

■

ALICE CHANCER v. LOUIS CHANCER.— Motion for leave to appeal to the Court of Appeals or for reargument denied. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ. [See ante, p. 667.]

■

JACK GLOBERMAN et al., Individually and on Behalf of All Other Tenants of PARK DRIVE HEIGHTS DEVELOPMENT, Similarly Situated, et al., Appellants, v. GRAND CENTRAL PARKWAY GARDENS, INC., et al., Respondents.— Judgment and order unanimously affirmed, with costs to the respondents, and the stay contained in the order of this court dated October 28, 1952, as resettled November 3, 1952, vacated. Present — Peck, P. J., Dore, Cohn and Van Voorhis, JJ.

■

SHEPARD CHEMICAL CORPORATION, Respondent, v. PHILIPP BROTHERS CHEMICALS INTERNATIONAL CO., INC., Appellant, et al., Defendants.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. The complaint, as we read it, does not merely allege a series of separate acts constituting a single wrong in furtherance of a single conspiracy. Rather, it alleges the commission of two wrongs, pleading (1) wrongful inducement of breach of contract by one under contract with the plaintiff, and (2) wrongful removal of property from the jurisdiction of the court for the purpose of defeating the plaintiff's rights and remedies under a warrant of attachment in another action. Thus, the complaint alleges several acts that amount to invasions of separate rights belonging to the plaintiff. One would be a common-law right, and the other would seem to rest, at least in part, on statute. Under the circumstances, the motion to separately state and number causes of action should have been granted. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ.