■ WILLIAM JACOBSON et al., Respondents, v. SHORE ROAD GARDENS, INC., Appellant.— In an action by three tenants individually and on behalf of all other tenants similarly situated in a 120-family apartment house, for a declaratory judgment, in substance, that defendant, the landlord, is not entitled to a rent increase which it has demanded, the defendant appeals from so much of an order of the Supreme Court, Westchester County, dated April 30, 1962, as: (1) granted plaintiffs' motion for an injunction *pendente lite*; (2) denied defendant's cross motion to strike from the title of the action and complaint reference to other tenants and leases, on the ground that the action was not properly

representative or derivative; and (3) denied defendant's cross motion to dismiss the complaint under rule 106 of the Rules of Civil Practice. Order modified on the law and the facts as follows: (1) by striking out the provisions granting plaintiffs' motion for an injunction *pendente lite* and making incidental directions with respect thereto, and by substituting therefor a provision denying said motion; and (2) by striking out the provision denying that portion of defendant's cross motion which sought to strike from the title of the action and from the complaint references to other tenants and leases, and by substituting therefor a provision granting that branch of defendant's cross motion. As so modified the order, insofar as appealed from, is affirmed, without costs. The amended complaint shall be served within 20 days after entry of the order hereon. The complaint states facts sufficient to constitute a cause of action for a declaratory judgment as to the parties' rights under their leases (cf. *Simco Retail Stores of N. Y.*, v. *Gross Constr. Co.*, 273 App. Div. 825, and cases cited therein). However, we are of the opinion that a representative action under section 195 of the Civil Practice Act is not maintainable, since all the leases are not the same and the rights of each tenant depend upon the provisions of his individual lease and the circumstances under which it was executed (cf. *Adelson* v. *Sacred Associates Realty Corp. No. 1*, 192 App. Div. 601; *Globerman* v. *Grand Cent. Parkway Gardens*, 115 N. Y. S. 2d 757, affd. 281 App. Div. 820; *455 Seventh Ave.* v. *Hussey Realty Corp.*, 295 N. Y. 166, 172; *Pangburn* v. *Stanley Mark Strand Corp.*, 24 N. Y. S. 2d 97, 99). We are also of the opinion that plaintiffs failed to show that they would be irreparably damaged if an injunction *pendente lite* were not granted and that, under the facts disclosed by this record, including the undenied assertion of defendant's financial responsibility, the granting of the injunction was an improvident exercise of discretion (cf. *Geed* v. *Braunsdorf*, 277 App. Div. 1001). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.