Henry Clay Greenberg, J.
Motion is instituted by the defendants, under rule 106 of the Rules of Civil Practice, to dismiss the amended complaint upon the grounds (1) that said amended complaint does not state facts sufficient to constitute a cause of action, and (2) that the court does not have jurisdiction of the subject of the action.
The complaint is bottomed as a derivative stockholders’ suit, plaintiffs having* instituted the action in their own right as stockholders for the benefit of Mahoning* Coal Railroad Company (hereinafter referred to as “Mahoning”). The plaintiffs are the owners of 1,424 shares of the common stock of Mahoning. Their stock, it is alleged, has a market value in excess of $569,600 and represents about 25% of the common stock in the hands of the public. The defendant New York Central Railroad Company (hereinafter referred to as “ Central”) directly owns 35,114 shares of capital stock of Mahoning, representing a holding in excess of 80% of each class of stock, or slightly more than 81% of the total of all shares issued and outstanding.
*570 Mahoning is a railroad corporation organized under the laws of Ohio. Plaintiffs’ complaint alleged it has its principal place of business in the City and State of New York. Defendants’ brief on this motion disputes this. I shall discuss the issue later on that branch of the motion seeking dismissal for failure of jurisdiction. Except for a small amount of leased trackage in Pennsylvania, its owned and leased lines of railroad and other property lie entirely within the State of Ohio.
The defendant Central is a consolidated railroad corporation organized and existing under the laws of six States, including Ohio and New York. It owns or operates railroad lines in 11 States extending from New York City and Boston through Ohio to such points as Detroit, Chicago, Indianapolis and St. Louis. It has general offices for the transaction of business in New York City and in Cleveland, Ohio.
The railroad of Mahoning has, since 1884, been leased to the defendant Central and its predecessor. The lease (referred to in the complaint as the Agreements of 1884 and 1889) is in perpetuity, and grants to Central the use, possession, operation and control of Mahoning’s railroad for which Central is required to maintain and operate and pay all the cost and expenses and to receive all of the income and revenues that are derived therefrom. For all of this Central is required to divide and share the aforesaid income and revenues with Mahoning in the ratio of 40% of said gross earnings to Mahoning and 60% to Central, except that 10% of said gross earnings, charged and received on account of passengers and property carried over onto the Mahoning Railroad from the Ashtabula Branch of the Lake Shore Road, including Ashtabula Harbor, is deducted and allowed Mahoning before computing the aforesaid 40% and 60% division (par. Eighth of complaint). So that having relinquished all rights concerning management, operation and control of its railroad to Central, Mahoning’s sole business activity, as lessor of its railroad, consists in collecting rent, viz., 40% of said gross earnings from Central. This business activity, it is alleged, is conducted at Mahoning’s principal place of business in New York City (par. Tenth of complaint). It further is pleaded (par. Thirteenth of complaint) that practically the entire board of directors and officers of Mahoning have held and still hold offices and are directors in Central. Plaintiffs allege (par. Twelfth) that all of Mahoning’s directors and officers have been and still are under the absolute direction, control and domination of Central.
So much then as a synoptic background of the major parties involved; we now approach the specific issue involved in the
*571 instant motion. The complaint pleads a single cause of action and is predicated, concisely speaking, upon Central’s appropriation of a legitimate tax savings earning to Mahoning from not having to pay income tax upon its inclusion in the affiliated group of subsidiary companies, for which Central filed a Consolidated Income Tax Return. It is charged that Central did not act with the fairness required of a fiduciary and in effect extracted an agreement from Mahoning (Ex. A. annexed to complaint) which purports to provide a method for the allocation of consolidated income tax liability as between Central and Mahoning and the members of Central’s affiliated group, but instead, it provided and operated as a device for the entire allocation of Mahoning’s tax savings to Central (emphasis mine). Plaintiffs urge that Mahoning’s inclusion in Central’s affiliated group permitted Central to realize an 81% return on that portion of its tax loss which was utilized to offset Mahoning’s earnings; that this 81% accrued to Central by way of dividends on its Mahoning stock; that instead of being content with legitimately receiving 81% of Mahoning’s tax savings, Central compelled Mahoning to enter into said agreement requiring it to project its entire tax savings, contrary to general and recommended business practice of proper settlement of intragroup liabilities in connection with consolidated returns, and entirely deprived Mahoning’s minority stockholders of 19% of said tax savings. In the circumstances, it is plaintiffs’ claim and allegation that said allocation agreement is improper and unfair and that Central acted with less than the standard of fairness required of a corporation fiduciary in dealing with its subsidiary.
While defendants have presented a very capable and impressive brief in support of their motion, I am, nonetheless constrained to state, at the outset, that the conclusions and ultimate effect on this specific motion are untenable. It must be borne in mind that this motion is one addressed solely to the sufficiency of the complaint pursuant to rule 106 of the Rules of Civil Practice. On a motion of this type, where only the legal sufficiency of the complaint is involved, we may not have recourse to matters wholly outside the pleadings. The able persuasive argumentation of counsel for the defendants would best be addressed to the ultimate merits of the litigation, factual and legal, rather than to the narrow issue with which we are concerned on the instant motion, namely, whether or not the allegations of the complaint sufficiently plead a cause of action on its face. If so, it must be permitted to stand and defendants be required to answer thereto formally. Considering the complaint, defendants acknowledge sufficiency of the pleading as *572 to the first 24 paragraphs. It is with the paragraphs commencing “ Twenty-fifth ” that defendants complain that they depart from the requirement of pleading ultimate facts and indulge in conclusory allegations and characterizations. In my opinion, after a study of the complaint, a fair reading thereof convinces me that a good and sufficient cause of action has been pleaded predicated upon substantial ultimate facts which allege: (a) Central’s domination and control of Mahoning’s directors; (b) the resulting fiduciary relationship of the parties; (c) the sharp conflict of interests between Central and Mahoning in the execution of the Allocation Agreement; (d) the advantages secured to Central by the Allocation Agreement with Mahoning; (e) the unfairness of the Allocation Agreement to Mahoning; (f) defendants’ knowledge of the respective economic circumstances of Mahoning and Central which rendered the execution of the Allocation Agreement unfair to Mahoning; (g) the violation by both Central and the individual defendants of their respective fiduciary obligations to Mahoning; and (h) the substantial damages suffered by Mahoning by reason of the Allocation Agreement.
It is well settled that a complaint attacked for legal insufficiency under rule 106 of the Rules of Civil Practice must be liberally construed (Civ. Prac. Act, § 275). It is not our present concern, of course, whether plaintiffs will be able to prove their allegations (Abrams v. Allen, 297 N. Y. 52). We must assume on such a dismissal motion that they are all true and plaintiffs are entitled to the benefit of every favorable intendment and fair inference (Condon v. Associated Hosp. Service, 287 N. Y. 411; Dyer v. Broadway Central Bank, 252 N. Y. 430; Latham v. Father Divine, 299 N. Y. 22; Dulberg v. Mock, 1 N Y 2d 54). This would appear to be even more imperative in the case of a complaint in a stockholders’ action where, because of the plaintiffs’ apparent difficulty of acquiring detailed knowledge, a wider latitude is warranted (Mann v. Luke, 44 N. Y. S. 2d 202, 207; Hayman v. Morris, 260 App. Div. 913). In light of all of the foregoing, the motion to dismiss is denied.
To the extent that the motion seeks dismissal of the complaint upon the ground that the court lacks jurisdiction of the subject of the action, it is denied. The complaint alleges that Mahoning’s principal place of business is in the City and State of New York (par. Seventh) and that its sole business activity and other duties and functions incidental to and necessary for its corporate existence is and has been regularly and continuously conducted by Mahoning in the City and State of New York. Obviously the complaint is concerned primarily with the Alloca *573 tion Agreement between Mahoning and Central. I see no reason to deny plaintiffs the right to this forum.
Defendants shall serve their answer to the amended complaint within 20 days after the service of a copy of this order with notice of entry.