Frank Del Yecchio, J.
This is a motion to dismiss the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action, or, in the alternative, for an order directing the plaintiffs to serve an amended complaint eliminating the representative feature of the action.
The defendant in this action for a declaratory judgment is a domestic corporation owning land at Thousand Island Park, Jefferson County, which it, or its predecessors in interest, have leased to various cottage-owners in the area. Plaintiffs are among these cottage-owners and bring this action on behalf of themselves and other lessees similarly situated for a declaration of the extent of defendant’s right to collect annual rents *1080 and assessments and to make rules and regulations requiring the payment of annual charges, assessments or penalties under the leases existing between defendant and the cottagers. Plaintiffs claim that defendant has been and is, under a threat of forfeiture and re-entry, wrongfully and unlawfully requiring them to pay annual rents and assessments in excess of the amount provided in the leases.
An action for a declaratory judgment is designed to obtain “ a judicial declaration of the rights of the parties for the purpose of guiding their future conduct ”. (Lynch v. Bailey, 279 App. Div. 650, affd. 304 N. Y. 669.) It is not the function of the court to decide the merits of the controversy on a motion to dismiss. (Baldwin v. City of Buffalo, 7 A D 2d 386. ) It need only decide whether the complaint sets forth an action in which the court may properly take jurisdiction for the purpose of rendering a judgment declaratory of the parties’ rights. The motion, if denied, is not a decision that plaintiffs are entitled to a declaration in their favor, nor will the complaint be dismissed merely because the plaintiffs are not entitled to a declaration of rights as they claim them to be, (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45.)
In determining its sufficiency the complaint should be broadly and liberally construed (Wainwright & Page v. Burr & McAuley, 272 N. Y. 130) and for the purpose of this motion the court must assume as true the material allegations therein contained. (Locke v. Pembroke, 280 N. Y. 430; Nevins, Inc. v. Kasmach, 279 N. Y. 323; Kalman v. Shubert, 270 N. Y. 375.) If it appears from any aspect of the facts stated that a bona fide justiciable controversy exists concerning the rights and legal relations of the parties, plaintiffs are entitled to a declaration of those rights and the complaint should not be dismissed. (Curren v. O’Connor, 304 N. Y. 515; Rockland Light & Power Co. v. City of New York, supra; Baldwin v. City of Buffalo, supra; Derby v. Gayvert & Co., 286 App. Div. 1150 [4th Dept.].)
An examination of plaintiffs’ complaint has convinced the court that the motion to dismiss should be denied. The facts alleged ‘1 show the existence of a controversy concerning ‘ rights and legal relations ’ ” and “ that the discretionary and extraordinary powers of the court have been invoked for a sufficient reason”. (Rockland Light & Power Co. v. City of New York, supra, p. 50.) Plaintiffs and defendant are in genuine disagreement as to the rights of defendant to impose certain charges upon plaintiffs under their leases and applicable statutes and charters. This dispute involves substantial legal interests of the plaintiffs who face the hazards of forfeiture of their leases *1081 and re-entry of the subject premises by the defendant. Under circumstances such as these, a declaratory judgment action is an appropriate procedure for the determination of the parties’ rights under a lease. (Dun & Bradstreet v. City of New York, 276 N. Y. 198; Levco Theatre Corp. v. Mandy Amusement Corp., 262 App. Div. 776; and see cases cited 22 Carmody-Wait, New York Practice, p. 730 et seq., for use of declaratory judgment in interpretation of leases.)
Defendant’s opposition to the present action is predicated largely upon its claim that plaintiffs have not alleged or attached to their complaint specific rules, charges or leases to which they object or refer. It should be noted however that there are items accompanying the challenged pleading which when read with the complaint clearly indicate the controversy which exists between the parties, thus distinguishing the present case from American News Co. v. Avon Pub. Co. (283 App. Div. 1041), cited by defendant.
As plaintiffs’ counsel has pointed out, the items demanded by defendant are matters of evidence which may be required of plaintiffs as part of their proof upon the trial of the action. Plaintiffs ’ ability to produce proof of particular facts which make up the elements of their cause of action will be tested upon the trial, not at this stage of the litigation. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458; Handal v. Knepper, 269 App. Div. 967.)
As to defendant’s claim that laches bars the present action: Since the complaint alone is before the court, it is impossible to determine whether the conduct of the parties has been of such a nature and has continued over such a long period of time as to make applicable the equitable doctrine of laches. This defense may be more appropriately considered by the trial court which will have before it all the evidence relevant to defendant’s claim. (First Nat. Bank of Genoa v. American Sur. Co., 239 App. Div. 282.)
As an alternative to a dismissal of the complaint, defendant seeks to require plaintiffs to serve an amended complaint eliminating all reference to persons alleged to be similarly situated.
It is the opinion of the court however that plaintiffs may properly maintain the present representative action under the provision of section 195 of the Civil Practice Act which authorizes a class suit where the question is one of common or general interest of many persons.
It appears from plaintiffs’ memorandum that the individuals who have instituted the action are president and treasurer of *1082 a membership corporation of nearly 180 cottage-owners and lot lessees of defendant’s property, at whose request this litigation has been commenced. Even if defendant is correct that this court may consider only the complaint in passing upon the present motion, the pleading itself alleges that the questions which are the subject of the action are all of common and general interest to all the cottage-owners and lessees, who are very numerous and many of whom are residents of other jurisdictions, making it impracticable to join them as parties plaintiff. The complaint further alleges that the provision defining the right of defendant to collect an annual assessment from the cottage-owners is in every lease executed by defendant and that the leases are identical in substance.
The above allegations are sufficient to satisfy the court that this is an appropriate situation for a representative action. All of the cottage-owners and lessees have a common interest in the authority of defendant to make assessments and charges. The lease provisions, statutes and charters which fix the defendant’s right to collect such charges are identical as to each cottage-owner. The case presents an analogous situation to that which existed in Kovarsky v. Brooklyn Union Gas Co. (279 N. Y. 304), wherein the Court of Appeals sustained a representative action by a gas consumer to test the legality of a service charge which might be imposed by defendant on all of its subscribers. (See, also, Ackert v. Union Pacific R. R. Co., 4 AD 2d 819.)
In reaching this conclusion the court is aware of the cases cited by defendant for the proposition that class suits may not be maintained to construe several separate leases. It may be observed however that the statement with regard to the propriety of the class action was dictum in both cases cited (Dinkes v. Glen Oaks Village, 206 Misc. 143; Adelson v. Sacred Associates Realty Corp., 192 App. Div. 601), and, further, that in the Adelson case the court itself pointed out that the leases in question were not the same. In any event, this court is of the opinion that the present case is governed by the decision of the Court of Appeals in Kovarsky v. Brooklyn Union Gas Co. (supra), rather than by the lower court cases cited by defendant.
The motion to dismiss the complaint, or in the alternative to compel plaintiffs to serve an amended complaint eliminating all references to persons alleged to be similarly situated, is denied, without costs, and defendant is given an opportunity to serve its answer within 20 days after notice of entry of an order herein. (Marshall v. City of Norwich, 1 A D 2d 498.)
Prepare order accordingly.