Lawbence H. Cooke, J.
The complaint herein sets forth two causes of action. In the first, plaintiff demands judgment against defendant MeMorran, individually and as Superintendent of the New York State Department of Public Works, decreeing certain acts of the said defendant to be illegal, void and in violation of the rights of the plaintiff under the law, statutes and Constitutions of the State and the United States, that certain maps filed on March 27, 1962 in the office of the Albany County Clerk and the office of the Secretary of State are void and should be can-celled of record, that plaintiff’s title in-the premises described be recognized and confirmed and that said defendant be excluded from said premises and enjoined from taking any further action or proceedings in regard thereto, and that, pending the hearing and determination of the action, an injunction issue excluding said defendant from the premises and enjoining him from *305 interfering with any portion of the property described in said maps and from taking further action or proceedings thereon. In the second cause of action, brought pursuant to article 15 of the Real Property Law, said article being entitled “ Action to compel the determination of a claim to real property ’ ’, plaintiff seeks to quiet title or determine title to certain real property allegedly owned by plaintiff within the appropriated area covered by said maps, as between the plaintiff and defendant People of the State of New York.
We are concerned at the moment with two motions, one by the defendants and the other by the plaintiff. Defendants move to dismiss the summons and complaint (1) under subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and (2) under subdivision 2 of rule 106 of the Rules of Civil Practice on the ground that, insofar as the plaintiff has brought the action in a representative capacity on behalf of other owners in the area shown on the sketch annexed to the complaint, the plaintiff has not legal capacity to sue. The plaintiff moves for an order enjoining and restraining the defendants during the pendency of this action, excluding the defendants from the lands and premises in question and enjoining them from interfering with any portion of the property herein and from taking further action or proceedings.
Plaintiff also has brought a proceeding under article 78 of the Civil Practice Act seeking to review the determination of the respondent therein, J. Burch McMorran, as Superintendent of the New York State Department of Public Works, regarding the purported acquisition by the State of New York of the land in question and to annul and set aside said determination and to declare the filing of certain maps in connection therewith to be null and void. At the time of the argument of the said motions made by defendants and plaintiff herein there was also heard the application of the said respondent in said article 78 proceeding to dismiss the petition therein on the grounds that the petition therein fails to state facts which entitle petitioner to the relief sought or to any relief and that under subdivision 4 of section 1285 of the Civil Practice Act relief pursuant to article 78 is not available where there is another adequate remedy.
In connection with the application herein by defendants to dismiss the complaint, it is not the function of a court at this time to determine one way or another the worthiness of the project in question or to determine the ultimate merits of the legal controversy but rather to test the attacked pleading, that *306 is the complaint, and to ascertain whether enough has been alleged to entitle plaintiff, so to speak, to a “ day in court As stated by the Appellate Division in First Nat. Bank of Morrisville v. International Radiant Corp. (5 A D 2d 1043, 1044): “ The merits of the action are not before the court on this motion ”.
At the outset, there are certain basic and elementary rules in regard to motions to dismiss a complaint for legal insufficiency. A pleading attacked for insufficiency must be construed liberally and broadly and is entitled to every fair inference and intendment (Civ. Prac. Act, § 275; Wainwright & Page v. Burr & McAuley, 272 N. Y. 130, 132; Condon v. Associated Hosp. Serv., 287 N. Y. 411, 414; First Nat. Bank of Morrisville v. International Radiant Corp., supra; Kronenberg v. Sullivan County Steam Laundry Co., 91 N. Y. S. 2d 144, 147, affd. 277 App. Div. 916; Butler v. Foster, 246 App. Div. 680; Stark v. Howe Sound Co., 148 Misc. 686, 690, affd. 241 App. Div. 637; Leary v. City of New York, 240 App. Div. 911; Glenmark, Inc. v. Carity, 30 Misc 2d 1065, 1071; Allen v. Thousand Is. Park Corp., 18 Misc 2d 1079, 1081, affd. 11 A D 2d 623; Case v. New York Cent. R. R. Co., 16 Misc 2d 568, 572). Furthermore, upon such a motion, the court accepts as true the material allegations of fact contained in the complaint and the reasonable inferences that may be drawn therefrom (St. Regis Tribe v. State of New York, 5 N Y 2d 24, 36; Garvin v. Garvin, 306 N. Y. 118, 120; Schwartz v. Heffernan, 304 N. Y. 474, 482; Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458; Locke v. Pembroke, 280 N. Y. 430, 432; Nevins, Inc. v. Kasmach, 279 N. Y. 323, 325; Hart v. Hart, 274 App. Div. 836). If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied (Dulberg v. Mock, 1 N Y 2d 54, 56; Pomerance v. Pomerance, 301 N. Y. 254, 255; Dyer v. Broadway Cent. Bank, 252 N. Y. 430, 432-433; New Rochelle Trust Co. v. Hinton, 256 App. Div. 724, 725). Also, where a defendant’s motion is addressed to the sufficiency of the entire complaint under said rule 106, as here, the sufficiency of any one cause of action in the complaint will defeat the motion (Imperatrice v. Imperatrice, 298 N. Y. 549; Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79, 84; Triangle Pub. v. Ferrare, 6 A D 2d 847; Interstate Operating Co. v. O. P. G. Recreation Center, 279 App. Div. 753; Halstead v. General Ry. Signal Co., 268 App. Div. 1060; Fusco v. Brooks, 263 App. Div. 845).
It is alleged and appears from the allegations of the first cause of action in the complaint, in substance and among several other things: that plaintiff City of Albany is a municipal corpo *307 ration with certain duties and powers imposed upon it respecting the protection of the persons and property of the residents of the City of Albany and others and, among other things, certain responsibilities to protect and preserve the health, welfare, education, safety and personal peace and tranquility of the residents of the City of Albany; that plaintiff on March 27, 1962 was the owner in fee of certain designated parcels of land; that on said date defendant McMorran filed certain maps in the office of the County Clerk of Albany County covering 98.5 acres of land in the City of Albany covering approximately 40 heavily developed city blocks improved with substantial business and residential property including large office buildings, schools, churches and municipal structures; that said maps purported to be filed pursuant to section 30 of the Highway Law and declared that said filing was in accordance with chapter 319 of the Laws of 1961, chapter 572 of the Laws of 1947 and chapter 1 of the Laws of 1962; that chapter 319 of the Laws of 1961 did not authorize the taking or acquisition of any property by the Department of Public Works or any other person and contains no authorization to exercise the powers of eminent domain; that chapter 572 of the Laws of 1947 authorized the Superintendent of Public Works to acquire property in the County of Albany for the specific purpose of constructing State buildings, that the moneys appropriated under said chapter as amended have been expended, that there are no moneys remaining from the appropriation under said chapter as amended and that the defendant McMorran had no authority to file said maps for the purpose of State building sites without additional moneys having been appropriated by the Legislature for that purpose prior to the said filing; that no moneys were appropriated or available to the defendant by the appropriation made under chapter 1 of the Laws of 1962 for the purpose of acquiring State building sites; that the seizure violates section 41 of the State Finance Law and sections 7, 9 and 11 of article VII of the State Constitution; and that the people and residents of the City of Albany will be deprived of their peace, tranquility and equal protection of the laws to which they are entitled. It further appears from the maps, which are matters of public record (Stahl Soap Corp. v. City of New York, 7 Misc 2d 903), and said maps as filed (copies of which were submitted by defendants on the argument) contain, among other things, the words: “ for the purpose of State Building Sites, pursuant to Section 30 of the Highway Law as made applicable by Chapter 572 Laws of 1947 as amended, Chapter 319 Laws of 1961 and Chapter 1 of Laws of 1962”.
*308 For the sake of brevity, chapter 319 of the Laws of 1961 creating the Temporary State Commission on the Capital City, is not set forth in full. However, an examination thereof reveals clearly and definitely that no authority was conferred on the defendant McMorran or any other person to acquire property or to exercise powers of eminent domain.
Chapter 1 of the Laws of 1962 appropriates the sum of $20,000,000 under the heading “ Capital City Improvements ” with the following language: ‘ ‘ The sum of twenty million dollars ($20,000,000) or so much thereof as may be required is hereby appropriated from the capital construction fund to the department of public works for the acquisition of real property for state purposes in the city of Albany in connection with the redevelopment and rehabilitation of the Capital City, including costs incidental thereto. Such acquisition of property shall be made by the superintendent of public works in the manner prescribed by the provisions of section 30 of the highway law ... 20,000,000 00 ”. The words 11 in connection with the redevelopment and rehabilitation of the Capital City ” are noted. Certainly, these are different purposes than that of State building sites. The fact of this difference is obvious alone from the different legislative language in this regard employed in chapter 572 of the Laws of 1947 and in chapter 1 of the Laws of 1962. Section 11 of article VII of the State Constitution provides in part: “ Except the debts specified in sections 9 and 10 of this article, no debt shall be hereafter contracted by or in behalf of the state, unless such debt shall be authorized by law, for some single work or purpose, to be distinctly specified therein ”. The words ‘ ‘ distinctly specified therein ’ ’ are significant and important.
The Court of Appeals pointed out in Society of N. Y. Hosp. v. Johnson (5 N Y 2d 102) a case involving a former Superintendent of Public Works of the State, that all statutes authorizing officers of bodies to exercise the right of eminent domain must be strictly construed. In the recent case of Schulman v. People (10 N Y 2d 249, 255) the Court of Appeals declared: “ Statutes conferring the power of eminent domain are not extended by inference or implication”. In volume 19 of New York Jurisprudence we read at page 199: ‘ ‘ Salutes delegating the power of eminent domain must be strictly construed and will not be extended by inference or implication. The powers granted will extend no further than is stated expressly or is necessary to accomplish the general scope and purpose of the grant and if there remains a doubt as to the extent of the power after all *309 reasonable intendments in its favor, the doubt should be solved adversely to the claim of power. ’ ’
Under chapter 572 of the Laws of 1947 the Superintendent of Public Works was authorized to acquire by appropriation any and all property in the County of Albany which he may deem necessary for the purpose of constructing State buildings and the sum of $350,000, or as much as may be needed, was appropriated for the purposes of said act. The complaint alleges in substance that thereafter the Legislature from time to time appropriated additional moneys to accomplish the purpose and intent of said law but that the moneys appropriated thereunder and as amended have been expended, that there are no moneys remaining from the appropriation under said chapter as amended and that the defendant McMorran had no power or authority to file the said maps for the purpose of State building sites without an additional appropriation by the Legislature for that purpose prior to said filing.
Under the clearly settled law as above set forth, said facts in the complaint are accepted as true for the purposes of this motion. Therefore, for the purposes of considering this motion by defendants to dismiss, it is deemed that there is and was at the time in question no money available under said chapter 572 of the Laws of 1947, as amended.
Section 41 of the State Finance Law, entitled “ Indebtedness not to be contracted without appropriation”, provides as follows: “No state officer, employee, board, department or commission shall contract indebtedness on behalf of the state, nor assume to bind the state, in an amount in excess of money appropriated or otherwise lawfully available. This section shall not apply to a case where a statute expressly authorizes the making of a contract or contracts for a stated maximum amount which exceeds the money appropriated or otherwise available for payments thereon.” Under the facts accepted here as true, it is obvious that defendant McMorran is assuming or has assumed to bind the State “in an amount in excess of money appropriated or otherwise lawfully available ” because it is alleged that there is no money available and that the moneys appropriated have been expended.
Section 9 of article VII of the State Constitution provides in part as follows: “ The state may contract debts in anticipation of the receipt of taxes and revenues, direct or indirect, for the purposes and within the amounts of appropriations theretofore made ”. If the attempted acquisition of the lands in question by the Superintendent is considered as being under and pursuant *310 to said chapter 572 of the Laws of 1947, then, under the facts accepted as true for the purposes of this motion, any contracting of debts by the State or the Superintendent in anticipation of taxes and revenues is clearly violative of said constitutional provision as not being “ within the amounts of appropriations theretofore made ’ \ Again turning to section 11 of article VII of the State Constitution, providing in part that “ Except the debts specified in sections 9 and 10 of this article, no debt shall be hereafter contracted by or in behalf of the state, unless such debt shall be authorized by law, for some single work or purpose, to be distinctly specified therein ’ ’, it is readily seen that, under the facts deemed true for the purposes of this motion, a contracting of debts now under chapter 572 of the Laws of 1947 would be violative of this constitutional provision as well because same would not be ‘ ‘ authorized by law ’ ’, the moneys appropriated under said chapter as amended having been expended and there being no moneys remaining from the appropriation under said chapter as amended.
The defendants contend at pages 21-22 of their memorandum that ‘ ‘ inadequacy of monies appropriated does not render a taking void ”. We are not dealing here alone with a claim of inadequacy but, more significantly, with a claimed absence of any appropriation whatsoever for the purpose in question. In one of the cases cited, Pauchogue Land Corp. v. Long Is. State Park Comm. (243 N. Y. 15, 27) the Court of Appeals stated, in part and among other things: ‘1 It follows inevitably that the power to appropriate land as well as to agree on compensation depends on an appropriation of money measurably adequate to justify the Commission in proceeding summarily ”. In another cited matter, Burnham v. Bennett (141 Misc. 514, affd. 235 App. Div. 751, affd. 259 N. Y. 655) the lower court held among other things (p. 516): “ The above provisions of the Constitution relied upon by the Attorney-General unequivocally forbid the creation of debts by the Legislature except for appropriations made and in the anticipation of current taxes unless authorized by the vote of the People and except in special eases expressly provided for in the Constitution itself. No money shall ever be paid out of the treasury of the State or any of its funds, except in pursuance of an appropriation by law (State Const, art. 3, § 21).” The present section 7 of article VII of the State Constitution was derived in part from former section 21 of article III.
Section 7 of article VII of the State Constitution provides: “ No money shall ever be paid out of the state treasury or any of its funds, or any of the funds under its management, except *311 in pursuance of an appropriation by law; nor unless such payment be made within two years next after the passage of such appropriation act; and every such law making a new appropriation or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the object or purpose to which it is to be applied; and it shall not be sufficient for such law to refer to any other law to fix such sum.” Attention is called to the first portion thereof providing that no money shall ever be paid out of the State treasury or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law.
To summarize a bit, chapter 319 of the Laws of 1961 confers no authority to acquire property or to exercise the powers of eminent domain; chapter 1 of the Laws of 1962 appropriates money for the redevelopment and rehabilitation of the Capital City and not for State building sites; and, the moneys appropriated under chapter 572 of the Laws of 1947, as amended, according to the facts deemed true on this motion, have been expended and do not remain, so that any contracting of debts by or on behalf of the State thereunder or any expenditure of funds by the State thereunder would be prohibited by the State Constitution.
The first cause of action set forth in the complaint further alleges in substance and among other things that prior to the filing of said maps on March 27,1962, defendant McMorran had formulated no plans for the layout or construction of State buildings, had made no appraisal of the parcels of real property affected, had made no determination concerning the cost of acquisition and neither sought nor received facts from any person or agency upon which to base his determination; that the said filing deprived the owners of their real property far in excess of the amount of land reasonably and foreseeably necessary; that the people and residents of the City of Albany have been and will be deprived of their peace, tranquility and the equal protection of the laws to which they are entitled; that said property is and will be used for a private purpose; that there are no specific plans for the development or public use of this property presently in existence; and that ‘‘ the defendant in causing, permitting or allowing the filing of said maps, knowingly acted in bad faith in that said filing’ constituted a mere naked act of power exercised without rational basis or logical relationship to his public duty and authority, and was based upon a corrupt, unworthy, malicious and baseless motive, was irrational, unreasonable and not in the interest of the public ”; and that defendant McMorran has not in good faith taken the *312 properties for a public purpose but seeks to regulate plaintiff’s use of its property and that of others under the guise of eminent domain. Attention is also called to the allegations previously mentioned and the other allegations of the complaint.
In Cuglar v. Power Auth. of State of N. Y. (4 Misc 2d 879, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006) the Special Term held, at pages 896-897, that the necessity for an appropriation of lands for public use is a legislative function and the instrumentality in which it reposes such power is the sole judge of the necessity in lieu of any provision to the contrary but that it is likewise true that an attempted appropriation could be so irrational or baseless. and with such utter disregard of the public necessity for its use that the courts would interfere. The following, among others, were cited therein: Kaskel v. Impellitteri (306 N. Y. 73, 78, 80; American Jurisprudence, Eminent Domain (vol. 18, § 107); People v. Fisher (190 N. Y. 468, 477); Matter of Port of New York Auth. (118 N. Y. S. 2d 10). Here, as indicated, the complaint alleges, among other things, that the tract of land purportedly acquired comprises an area covering approximately 40 heavily developed city blocks and that the whole area is improved with substantial business and residential property and includes large office buildings, schools, churches and municipal properties and that prior to the filing of the maps defendant had formulated no plans for the layout or construction of State buildings.
In Matter of Mayo v. Windels (255 App. Div. 22, affd. 281 N. Y. 837) the Appellate Division said (p. 27): “ The taking of property beyond that which is required for the particular use named in the petition is a violation of constitutional limitations. (2 Lewis on Eminent Domain, [3d ed.] § 600; Cooley on Constitutional Limitations [7th ed.], p. 779.) ” In Arverne Bay Constr. Co. v. Thatcher (278 N. Y. 222, 231) the Court of Appeals held: “ The legislative power of the State is, however, not plenary, but is limited by the Constitution of the United States and by the Constitution of the State ”. (See, also, Vernon Park Realty v. City of Mount Vernon, 122 N. Y. S. 78, 85, affd. 282 App. Div. 890, affd. 307 N. Y. 493.)
In Matter of Bronx Chamber of Commerce v. Fullen (174 Misc. 524, 529) it was stated: “ The objection that the appropriation of property is not for a public use may be raised not alone by the owner but by any person interested, even as a taxpayer (Long Island R. R. Co. v. Jones, 151 App. Div. 407; Stratford v. City of Greensboro, 124 N. C. 127); unless waived (Matter of Cooper, 93 N. Y. 507, affg. 28 Hun, 515; Embury v. Conner, 3 N. Y. 511, revg. 4 N. Y. Super. Ct. 98; Baker v. Braman, 6 Hill, *313 47).” In Denihan Enterprises v. O’Dwyer (302 N. Y. 451, 457) the Court of Appeals stated that it “ is well settled that whether or not a proposed condemnation is for a public purpose is a judicial question ”. (See said decision also at page 458 in regard to legal sufficiency of complaint in regard to motion to dismiss.)
In Willy v. Mulledy (78 N. Y. 310, 314) it was held: “ When a statute imposes a duty upon a public officer, it is well settled that any person having a special interest in the performance thereof may sue for a breach thereof causing him damage, and the same is true of a duty imposed by statute upon any citizen ”. In Plesch v. Banque Nationale de la Republique d’Haiti (273 App. Div. 224, 228, affd. 298 N. Y. 573) Judge Van Voorhis, writing for the majority of the Appellate Division, declared: “It is well settled that one cannot successfully assert as a defense to an action for wrongfully dealing with property that he acted pursuant to governmental orders, if such orders were invalid or ineffective.”
In Schulman v. People (10 N Y 2d 249) the Superintendent of Public Works of the State attempted to exercise certain powers of eminent domain under section 30 of the Highway Law. The Court of Appeals decided against the State holding that the State did not have the power of condemnation sought to be exercised under the statute in question. It is one of plaintiff’s claims here that the Superintendent did not have the power and authority to appropriate the lands in question.
In Saso v. State of New York (20 Misc 2d 826, 830) it was stated: “ In this court’s opinion an action of this character may be maintained in the Supreme Court on a claim of an alleged unauthorized and illegal appropriation of real property by an agent of the State while acting in his official capacity as the State’s condemning authority. (Society of New York Hosp. v. Johnson, 9 Misc 2d 73, 81, mod. on other grounds 5 A D 2d 552, affd. 5 N Y 2d 102)”.
The second phase of defendants ’ motion to dismiss is brought under subdivision 2 of rule 106 of the Rules of Civil Practice, contending that plaintiff has not legal capacity to sue. This alleged ground for dismissal appears in the moving papers but was not pressed upon argument or in defendants ’ memorandum. This part of the motion is answered with clarity by the Appellate Division in Field v. Allen (9 A D 2d 551) wherein it was unanimously held: “ There is a sharp difference between an absence of a capacity to sue and absence of right to any relief. The classic definition of the distinction in New York was given by Vahh, J., in Ward v. Petrie (157 N. Y. 301, 311): ‘ Incapacity *314 to sue is not the same as insufficiency of facts to sue on/ A ‘ lack of capacity to sue ’ essentially means a plaintiff is denied access to a court. Every citizen has the legal capacity to sue every other citizen excepting only when prevented by such personal disabilities as infancy or adjudicated incompetency; and the right exists without reference to the title or status of the plaintiff or of the defendant. A person having a capacity to bring a lawsuit may bring it, as Judge Vann noted, and get the defendant1 into court by the service of a summons ’ even if he ‘ had no cause of action ’. Thus we think plaintiffs could bring this lawsuit or any other lawsuit against these defendants or any other defendants whom the summons of the court could reach.” In De Flammercourt v. Ascer (167 Misc. 473, 474) it was stated: “ There is no merit to the contention that the plaintiff lacks legal capacity to sue. This ground of objection is limited to cases where the plaintiff cannot sue on any cause of action.” It is alleged in substance that plaintiff is a domestic corporation (Civ. Prac. Act, § 7, subd. 7). It is a public corporation and a municipal corporation (General Corporation Law, §§ 2, 3). It has the right to sue and is subject to be sued in all courts in like cases as natural persons (N. Y. Const., art. X, § 4; Andraka v. Town of Pompey, 1 A D 2d 427, 431; City of Utica v. Ortner, 256 App. Div. 1039; Matter of Fleischmann v. Graves, 235 N. Y. 84, 89). Besides the general powers granted to the plaintiff city in section 20 of the General City Law, said section grants the specific power to ‘ ‘ maintain order, enforce the laws, protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto ” (subd. 13). (it is well settled that a city, being a municipal corporation, is not restricted to the exercise of its specifically granted powers but possesses also such powers “ as are necessarily incident to, or may fairly be implied from those powers, including all that are essential to the declared object of its existence” (New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77, 86; Matter of Green v. Miller, 249 N. Y. 88, 94; Village of Carthage v. Frederick, 122 N. Y. 268, 271). In New York Trap Rock Corp. v. Town of Clarkstown (the Court of Appeals held unanimously, p. 83): “We think that a municipal corporation such as the defendant Town in the instant case has the capacity and is a proper party to bring an action to restrain a public nuisance which allegedly has injured the health of its citizens. That conclusion is dictated by policy and principle and finds warrant in both the common law and statutes of this State. ’ ’ And at page 84: “In permitting the creation of such local subdivisions, the Legislature *315 obviously conferred upon them the right to protect their own existence, and it is clear that a public nuisance which injures the health of the citizens of a municipality imperils the very existence of that municipality as a governmental unit. The right to exist necessarily implies the right to take such steps as are essential to protect existence.” From these various decisions, it can be seen readily that there is no merit to the contention that plaintiff has not legal capacity to sue!
The plaintiff city has moved for what is known as an injunction pendente lite, enjoining and restraining defendants herein during the pendency of this action, excluding the defendants from said lands and premises and enjoining them from interfering "with any portion of the property herein and from taking further action or proceedings. Before proceeding further it should be pointed out that the granting of such relief does not determine the ultimate issues; it “ serves only to hold the matter in status quo until opportunity is afforded to decide upon the merits ” (Walker Mem. Baptist Church v. Saunders (285 N. Y. 462, 474; Benson Hotel Corp. v. Woods, 168 F. 2d 694, 697-698; Toledo, Ann Arbor & North Mich. Ry. Co. v. Pennsylvania Co., 54 F. 730, 741; International Ry. Co. v. Barone, 246 App. Div. 450, 457). There is the fundamental rule that there is no discretion to issue a temporary injunction unless it appears that the applicant therefor, on the face of his complaint or moving papers, prima facie has some kind of a cause of action against the opposite party (10 Carmody-Wait, New York Practice, p. 531). Here, as indicated previously, plaintiff’s complaint prima facie has a cause of action against defendants. A consummation of the proposed taking and entry by defendants would make the issues tendered by the complaint academic. The maintenance of the status quo until a full and deliberate opportunity is afforded to decide the case upon the merits seems to be only fair, just and equitable. Furthermore, the memorandum of defendants states at page 23: “As was stated in the affidavit submitted to the Appellate Division on the motion to vacate the temporary stay, the State is presently engaged in the preliminary survey only, and has openly made known its intention not to interfere physically either with the occupants and residents of the area or with any of the structures therein in the immediate future.” This being so, there should be less objection to a temporary injunction, fashioned along the lines of the stay as modified by the Appellate Division. In Society of N. Y. Hosp. v. Johnson (5 A D 2d 552, affd. 5 N Y 2d 102) suit was brought to restrain defendant State Superintendent of Public Works from attempting to acquire by appropriation a *316 part of plaintiff’s hospital lands and the Appellate Division granted the motion by plaintiff for an injunction pendente lite, same being unanimously affirmed by the Court of Appeals.
The motion of defendants to dismiss the complaint herein is denied, the time for defendants to serve their answers herein being extended for a period of 20 days following service of a copy of the order to be entered herein with notice of entry thereof. The application of plaintiff for an injunction pendente lite is granted, same to be subject to the modification as provided for by the Appellate Division in regard to the stay issued herein.