T. Paul Kane, J.
Plaintiffs question the constitutionality of chapter 636 of the Laws of 1959 and chapter 86 of the Laws of 1963 in an action for a declaratory judgment in which they seek a declaration of unconstitutionality together with injunctive relief.
*676 Defendants move pursuant to CPLR 3211 (subd. [a], pars. 3, 7) to dismiss the complaint upon the grounds that (a) plaintiffs do not have the legal capacity to sue and to maintain this action; and (b) the complaint fails to state a cause of action.
Defendants-intervenors join in the motion and in their answer set forth the grounds of the motion as affirmative defenses, with an additional defense of estoppel.
The motion under CPLR 3211 (subd. [a], par. 3) effectively questions the status of the plaintiffs to institute the within action and erects in their path a hurdle of considerable magnitude. There seems to be little question but that it is the law of this State that the constitutionality of a State statute may be tested only by one personally aggrieved thereby, and then only if the determination of the grievance requires a determination of constitutionality. (St. Clair v. Yonkers Raceway, 13 N Y 2d 72, 76 [1963].) Thus the hurdle for the individual plaintiff would seem insurmountable. Insofar as the plaintiffs, the City of Buffalo and Chester Kowal, as Mayor are concerned, the defendants and defendants-intervenors, among others, rely upon the holding in Black Riv. Regulating Dist. v. Adirondack League Club (307 N. Y. 475) as the barrier that prohibits further consideration of this matter by the court. There is no question but that the issue as to “ standing ” or “ status ” of all of these plaintiffs thus raised must be resolved before further consideration could be undertaken. While the court does not desire to embark upon a process of tortured thinking in abstractions, it is unable to comfortably fit the authorities cited in support of the motion, or at least that portion under CPLR 3211 (subd. [a], par. 3) precisely to the situation at hand. Chester Kowal and Edward C. St. Clair in their individual capacities do not occupy the same relative position. It may be because this court finds it most difficult to disjoin Chester Kowal as Mayor from Chester Kowal individually, in determining whether he is a person “ aggrieved ” and thus entitled to u standing ”. He may physically leave the Mayor’s office each day but undoubtedly he brings the Mayor’s problems to his residence at night. As an individual Chester Kowal may lack “ standing ” in this court, but as Mayor of the City of Buffalo he occupys a different position. So does the plaintiff, the City of Buffalo. In Black Riv. Regulating Dist. v. Adirondack League Club (supra, p. 489) the court stated: “ As we have pointed out, the district board has no special character different from that of the State. Its only purpose is to construct reservoirs and that, concededly, is a State purpose in the interest of public health, safety and welfare (Conservation Law, § 431).”
*677 This court finds the distinction between the functions of the regulating board and the City of Buffalo and its Mayor, sufficient to lower the barriers in their path. Whereas the district board in the Black River case had no special character different from that of the State, it is well recognized and generally established that a municipal corporation acts in and possesses a dual capacity; both governmental and proprietary. (O’Brien v. Town of Greenburgh, 239 App. Div. 555, affd. 266 N. Y. 582; County of Herkimer v. Village of Herkimer, 251 App. Div. 126, affd. 279 N. Y. 560.) Proprietary powers are those powers usually referred to as incidental to home rule or local self-government, and when acting in such a capacity, the municipal corporation does so by force of permissive legislative enactments. The distinction between these capacities is not semantical; nor are the consequences insignificant. It is clear that when acting in a governmental capacity, the municipality acts solely as an arm of the sovereignty. While acting in a proprietary capacity, it acts in the interests of local self-government and the inhabitants of the municipality. 11 When a municipal corporation acts in its proprietary capacity, it is subject to the same standards and restraints which are applicable to a private individual or corporation in the conduct of a similar business.” (O’Brien v. Town of Greenburgh, supra, p. 560.) Although the factual situation is reversed from the O’Brien case, the court finds good reason for the application of this rule to the facts at hand.
The imposition and collection of real property taxes is clearly of a local nature, as well as is the establishment and disbursement of the municipal budget. In its proprietary capacity, the City of Buffalo should not only be subject to the restraints and standards of a private individual but conversely should be granted the rights and privileges of the latter. This should logically include the right to question a State statute which has unquestionably affected the financial structure of the city in a large measure. A municipality has been permitted to maintain an action against the State and its agencies even without distinguishing the dual capacities. (City of Albany v. McMorran, 34 Misc 2d 304, revd. on other grounds 16 A D 2d 1021.)
Furthermore the duties of the Mayor are and will be altered by the legislation under attack, and as Chief Executive and Fiscal Officer of the City of Buffalo, his rights are directly affected. “ Ordinarily, the mere interest of a public official, as such, is not sufficient to entitle him to question the validity of a statute; but, to entitle him to raise such question, he must show *678 that his rights of .person or property are. adversely’"affected by the operation of the statute.” (16 C. J. S., Constitutional Law, § 82, p. 252.) ’ '
Upon the papers before'the court, it finds that the City of Buffalo and Chester, Kowal, as Mayor, possess the necessary standing to institute this action, but that Chester’ Kowal, individually and on behalf of other taxpayers similarly situated, lacks the necessary status as mandated by St. Clair v. Yonkers Raceway (supra) and accordingly the motion against him.in his individual capacity should be granted.
Having determined that two" of the plaintiffs possess the necessary standing before this court, and that they are parties “ aggrieved ”, it follow?, that a justiciable controversy does, exist as a res.ult of the propounded questions.- of constitutionality. The controversy calls for declaratory'relief. - The necessary jural relations exist-between the parties, and the dispútelas to the efficacy of the “ Railroad Belief Act” must -be resolved. Defendants-intervenors urge this court to pursue the matter to its ultimate conclusion and make a determination on the merits, because as" they view it.“ the. plaintiffs .afe not entitled to any kind of a declaration in their favor.”. However, .no declaration of rights can be made by this court-at this time. ‘ ‘ Upon a motion by the defendant to dismiss-the complaint on the -ground of its insufficiency,- made before service" of an answer, allegations of fact contained in the complaint are not, in issue, and the court can determine,, only the. question of law whether, the .pleading is sufficient to. withstand1 challenge by demurrer .or...by fits, statutory modern substitute, motion to dismiss., -If the-court denies the motion to dismiss, then declaration of rights must await final judgment. If tfie court grants the motion to dismiss then it cannot logically grant, at the same time, a judgment on the merits declaring the rights and legal relations of the parties.” (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45; 51 [1942].) Further supporting this principle; arid as stated in Weinstein-Korn-Miller (N. Y. Civ. Frac., par, 3001.13): “A determination that the, complaint, is sufficient does not indicate that the plaintiff,will be entitled to the relief requested; it indicates only that a justiciable controversy exists and the court’s discretion to.issue a. declaration has be,en, properly invoked. As stated by one court, ‘ a motion to dismiss a declaratory judgment before answer presents for determination only the question whether a,case for. a,declaratory judgment is made: out, not,the question of whether plaintiff is entitled to, an adjudication in his favor.’ ” Under proper circumstances the court could treat the *679 motion as one for summary judgment, but there must be a proper request and submittal. (CPLR 3211, subd. [e].)
It therefore necessarily follows that the motion of the defendants, in which defendants-intervenors have joined, is in all respects denied except that portion as it applies to the plaintiff Chester Kowal individually, and on behalf of other taxpayers similarly situated, in which respect it is granted.