CITY OF BUFFALO et al., Respondents, *v.* STATE BOARD OF EQUALIZATION AND ASSESSMENT et al., Appellants, and BALTIMORE AND OHIO RAILROAD COMPANY et al., Intervenors-Appellants.

Third Department, July 15, 1966.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for appellants.

*Anthony Manguso, Corporation Counsel (Abraham I. Okun, Eugene J. Martin, John P. Egan* and *Joseph A. Nicosia* of counsel), for respondents.

*Sullivan & Cromwell (David W. Peck* and *Edward W. Keane* of counsel), for intervenors-appellants.

HERLIHY, J. Special Term held that a justiciable controversy existed between the parties but that the merits could not be decided on the present motion. (See 46 Misc 2d 675.)

The action is in the nature of a declaratory judgment brought to test the constitutionality of title 2-A of the Real Property Tax Law (§§ 489-a to 489-v) which relates to exemptions granted to railroads from local real estate tax assessments.

The court held that the Mayor of Buffalo, individually, had no standing in the action but that he did have as Mayor acting in his official capacity and that the City of Buffalo had standing.

In our opinion, the Mayor had no standing in either capacity. There is no allegation in the complaint or supporting papers to show that he is an aggrieved citizen-taxpayer and therefore he lacks individual standing to challenge the statute's constitutional vitality. (See *St. Clair* v. *Yonkers Raceway,* 13 N Y 2d 72, 76; *Bull* v. *Stichman,* 273 App. Div. 311, affd. 298 N. Y. 516.)

Likewise, he has no standing as Mayor of the City of Buffalo. The rule as presently applied, subject to some question as to its efficacy in present-day society, is that a public official may challenge a State statute only if he, in such capacity, is deprived of some due process or equal protection. (See *Matter of Bond & Mtge. Guar. Co.,* 249 App. Div. 25, 27, 28, affd. 274 N. Y. 598.)

The present Mayor's duties remained substantially unaltered and in his brief the only allegation is that he has the duty to protect the interests of the residents of the City of Buffalo and that the action was brought as the result of a resolution passed by the Common Council of that city. There is no allegation in the complaint, or otherwise, that in his capacity of Mayor, or his rights thereunder, there has been any impairment or prejudice of the same. He has no standing to attack the constitutionality of the law.

The remaining plaintiff in the action, the City of Buffalo, lacks standing and there is no authority for the holding by Special Term that the imposition and collection of real property taxes by the city is a proprietary act, as distinguished from governmental. We might agree that some of the acts in paying out taxes could be for a proprietary purpose but that issue is not here. The collection of taxes is governmental in nature. (See *Lorillard* v. *Town of Monroe*, 11 N. Y. 392, 394; 40 N. Y. Jur., Municipal Corporations, § 1000.) It has long been the established law that a municipality has no standing to challenge a State statute insofar as its governmental powers and duties are concerned. (See *County of Albany* v. *Hooker*, 204 N. Y. 1.) In *Black Riv. Reg. Dist.* v. *Adirondack League Club* (307 N. Y. 475, app. dsmd. 351 U. S. 922), while other issues may have been involved, the court determined that the district could not attack a statute limiting its powers of condemnation, finding that the district was an agency of the State, dependent for its existence and performing its functions subject to the control and direction of the State, and that the number and nature of the district's powers were within the absolute discretion of the sovereign State.

These cited cases, when considered together, make it abundantly clear that the law in its present status is that a city has no standing to challenge the validity of a State statute relating to its governmental powers and duties. (See 116 A. L. R. 1037; 16 C. J. S. Constitutional Law, § 76, p. 244.)

In *Williams* v. *Mayor* (289 U. S. 36, 40, 47–48 [1933]) the United States Supreme Court held that a municipal corporation, created by a State as its subordinate, had no privileges or immunities under the United States Constitution which it might invoke in opposition to the will of its creator, and that such standing under a State Constitution is left to State practice.

In *Black Riv. Reg. Dist.* v. *Adirondack League Club* (*supra*, p. 488) the court stated: " The courts of this State from very early times have consistently applied the Federal rule in holding that political power conferred by the Legislature confers no vested right as against the government itself  *  *  *  The concept of the supreme power of the Legislature over its creatures has been respected and followed in many decisions.'' (Citations omitted.)

Taxes in our present society being what they are, if consideration should be given to relaxing the rule established by decisional law as to this aspect of government, it is not a decision to be made by an intermediate appellate court.

It being concluded that the plaintiffs have no standing in this action, the complaint must be dismissed and accordingly, it is not necessary that we reach the merits.

The order, insofar as appealed from, should be reversed and the motions granted.

GIBSON, P. J., REYNOLDS, TAYLOR and STALEY, JR., JJ., concur.

Order, insofar as appealed from, reversed, and motions granted, with costs.