■ In the Matter of CHARLES J. DOYLE, Individually and as President of the Troy Uniformed Fire Fighters Association, Appellant, v CITY OF TROY, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered March 17, 1975 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to restrain respondent from violating a provision of the City Charter of the City of Troy. In this class action, petitioner seeks to compel the City of Troy to comply with a city charter provision which requires, among other things, that the minimum salaries of hosemen of the first grade in the fire department shall be equal to and at parity with the minimum salaries of patrolmen of the first grade in the police department. Petitioner alleges that effective January 1, 1975, the minimum patrolman salary was substantially increased without a commensurate increase in the corresponding minimum hoseman salary, in violation of the charter of the City of Troy. Special Term dismissed the petition, holding the charter provision invalid because its effect is to prohibit negotiation on the subject of wages under article 14 of the Civil Service Law (the Taylor Law). On this appeal, petitioner initially contends that the City of Troy has no standing to contest its own charter provision. This contention is without merit. Respondent city challenges the validity of a local law, not a State law, as was the case in *City of Buffalo v State Bd. of Equalization & Assessment* (26 AD2d 213), relied on by petitioner. Furthermore, the Court of Appeals has recognized in a case similar to the present one that failure to accord standing would, in effect, "erect an impenetrable barrier to any judicial scrutiny of legislative action." *(Boryszewski v Brydges,* 37 NY2d 361, 364.) On the merits, petitioner argues that the Taylor Law does not preclude the establishment of a minimum wage below which the city administration could not go, citing *Matter of Warden (Newburgh Police Dept. of City of Newburgh)* (300 NY 39). We note, however, that the *Warden* case was decided prior to the enactment of the Taylor Law, which has been determined to be a general law, and the power of a local government to adopt a local law in respect to the regulation of its employees' wages has been limited thereby. *(City of Amsterdam v Helsby,* 37 NY2d 19; Municipal Home Rule Law, § 10, subd 1, par [i]; Civil Service Law, § 212, subd 1.) Since the instant charter provision impairs the full range of negotiations to which the city is entitled under the Taylor Law, it is inconsistent therewith and unauthorized and prohibited. *(Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, affd 12 NY2d 998.) Consequently, Special Term properly found the charter provision invalid. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.