OPINION OF THE COURT
Thomas P. Phelan, J.
Suffolk County Police Superior Officer’s Association, Police Benevolent Association, Inc., Detectives Association, Inc., Deputy Sheriff’s Benevolent Association, District Attorney Investigator’s PBA, and County Correction Officers Associa *368 tion, Inc., by their respective presidents, seek a declaration that a local law which imposes a salary cap on County employees is invalid and unenforceable.
Local Laws, 1996, No. 23 of the County of Suffolk (Local Law No. 23) provides that no County employee shall receive compensation equal to or in excess of that paid to the Suffolk County Executive during the prior year. It defines compensation to include longevity pay, mileage reimbursement, meal allowances, stipends, uniform allowances, holiday pay, cleaning allowances, clothing allowances, overtime, tuition reimbursement and other similar benefits.
The law also requires the Suffolk County Comptroller to make adjustments in paychecks or other payments to employees so as to ensure compliance with the salary cap.
Upon the foregoing papers, it is ordered that this motion by plaintiffs[1] and plaintiffs-intervenors seeking an order pursuant to CPLR 3212 awarding them judgment declaring Local Law No. 23 unconstitutional, invalid and unenforceable is granted.
The law enforcement personnel who comprise the membership of plaintiff labor organizations are parties to collective bargaining agreements which were in force at the time Local Law No. 23 became effective. (Civil Service Law § 209-a [1] [e]; Association of Surrogates & Supreme Ct. Reporters v State of New York, 79 NY2d 39, 45 [Association of Surrogates II].) Plaintiffs claim that imposition of this salary cap impairs union members’ rights under these existing collective bargaining agreements, the Civil Service Law and the United States and New York State Constitutions.
Defendants claim that the Local Law simply limits the ability of department heads and managerial personnel to allot overtime and except for individuals employed as Division Chiefs and Chief Inspector of the Suffolk Police Department, any individual’s salary which exceeded, or would exceed, the County Executive’s in the previous year is solely a consequence of retroactive pay, overtime or special stipends in lieu of overtime. Of the 3,654 employees who were members of plaintiffs’ unions in 1996, only 67 received compensation exceeding that of the County Executive according to the Director of the Budget Review Office.
*369 It is overly simplistic however to claim that virtually all salaries could be reduced to the capped amount simply by limiting employees’ overtime. In doing so ignores the definition of compensation set forth in the Local Law which also includes mileage reimbursement, meal, uniform, cleaning and clothing allowances, tuition reimbursement and other items as previously noted.
Defendants’ argument for denial of this application, that plaintiffs’ recourse is the grievance procedure provided in the collective bargaining agreements, is not persuasive. Plaintiffs need not pursue the grievance procedure in their collective bargaining agreement as a prerequisite to constitutionally challenging this law. (McKechnie v Ortiz, 132 AD2d 472, affd 72 NY2d 969; see also, Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614; 24B Carmody-Wait 2d, NY Prac §§ 147:36-147:42, at 271-279.)
Plaintiffs challenge the constitutionality of this Local Law claiming it substantially impairs their respective collective bargaining agreements and is not reasonable and necessary to serve an important public purpose. (Association of Surrogates & Supreme Ct. Reporters v State of New York, 940 F2d 766, 771, cert denied 502 US 1058 [Associaton of Surrogates I].)
It is clear that at least four County employees whose terms of employment are covered by collective bargaining agreements receive salaries, exclusive of overtime, which exceed the County Executive’s prior year’s compensation. Moreover, 67 other employees in 1996 earned compensation, as that term is defined by this Local Law, which exceeded the County Executive’s salary in 1995. Present application of the Local Law would therefore reduce their compensation and impair their contractual rights.
Laws impairing contractual rights are prohibited by the Contract Clause of the United States Constitution (art I, § 10, cl [1]). A threshold finding of impairment precipitates inquiry into whether the legislation substantially impairs a contractual right. Should an impairment be more than minimal, the court must then carefully examine the nature and purpose of the legislation, considering not only the benefit to the community but also the contractual rights of those claiming a violation of the Constitution’s Contract Clause (Association of Surrogates I, supra).
Indeed, in Association of Surrogates I (supra) and Association of Surrogates II (supra), the United States Court of Appeals for the Second Circuit and the New York Court of Ap *370 peals respectively found that the indefinite postponement of earned compensation was substantial. In harmony, this court determines that permanent deprivation of compensation earned, and compensation to which the plaintiffs’ members are entitled pursuant to collective bargaining agreements, is" a substantial impairment of contract rights.
The next task is to determine whether the Local Law is reasonable and necessary to serve an important public purpose.
While laws which impair the obligations of private contracts must be a reasonable means to accomplishing a legitimate public purpose, in assessing a governmental entity’s impairment of its own contract, a more searching analysis is required than whether such law is a reasonable means to accomplish a legitimate public purpose. This Local Law can survive constitutional scrutiny only if it is reasonable and necessary to serve an important public purpose not merely a public purpose. (Association of Surrogates 1, supra, at 771-772.)
The Contract Clause of the Federal Constitution limits the ability of a State, or subdivision of a State, to abridge its contractual obligations without first pursuing available alternatives. "The Contract Clause is not an absolute bar to subsequent modification of a State’s own financial obligations. As with laws impairing the obligations of private contracts, an impairment may be constitutional if it is reasonable and necessary to serve an important public purpose. In applying this standard, however, complete deference to a legislative assessment of reasonableness and necessity is not appropriate because the State’s self-interest is at stake. A governmental entity can always find a use for extra money, especially when taxes do not have to be raised. If a State could reduce its financial obligations whenever it wanted to spend the money for what it regarded as an important public purpose, the Contract Clause would provide no protection at all.” (United States Trust Co. v New Jersey, 431 US 1, 25-26 [footnotes omitted; emphasis added], quoted at Association of Surrogates I, supra, at 771-772.)
Certainly the operation of government at a cost efficient level while providing the services required by the governed is an important public purpose. It is no more important, however, than the knowledge and confidence that government will honor its contract obligation.
The collective bargaining agreements, in effect at the time of the enactment of Local Law No. 23 with the Deputy Sheriffs, Correction Officers and Detective Investigators provide that *371 salaries be capped at the County Executive’s level while the agreements with the Superior Officers, Detective Officers and Patrolmen’s Benevolent Association do not. Where such a salary limiting clause is part of a collective bargaining agreement, uniform, meal and cleaning allowances, mileage and tuition reimbursement, stipends, holiday pay and longevity pay are excepted from the salary cap.
It is cavalier to say that the challenged law is the only way to accomplish Suffolk County’s purpose of managing staffing and reducing overtime. Any alternative revenue-raising or revenue-saving device is for the Suffolk County Executive and Legislature to determine, not this court. Any such alternative, however, may not include impairing the contract rights of plaintiffs. Alternative management or cost-cutting measures exist in many forms, one of which includes negotiations to produce the salary cap as defined by the challenged Local Law (see, Association of Surrogates II, supra, at 47; Association of Surrogates I, supra, at 773-774); and there is no indication in the papers before this court that defendants pursued any negotiations with those unions whose collective bargaining agreement contains a partial cap or those unions whose collective bargaining agreements contain no salary limiting provision.
This Local Law is therefore not reasonable and necessary to serve an important public purpose.
The challenged regulation similarly violates article I, § 17 of the New York State Constitution, which guarantees employees the right to engage in collective bargaining through their certified representatives and the Taylor Law (Civil Service Law § 200 et seq.; Matter of Doyle v City of Troy, 51 AD2d 845).
The New York State Constitution prohibits local governments from enacting ordinances which are incongruous with any general law. (See, Municipal Home Rule Law § 10 [1] [i].) This legislative act of setting maximum limits on employee compensation is an abrogation of the limitations placed on local government by the Taylor Law, absent negotiation of any such maximum with the employees’ bargaining representative and ratification of this contract provision by the employee members.
The Local Law additionally violates the provision of the Taylor Law which provides for the enforcement of collective bargaining obligations through the Public Employment Relations Board (Civil Service Law § 205). The Local Law is accordingly unauthorized and prohibited. (Matter of Doyle v City of Troy, supra.)
*372 Finally, the law is constitutionally deficient insofar as it deprives plaintiffs’ members of due process of law guaranteed to them by the Federal and State Constitutions (US Const, 14th Amend, § 1; NY Const, art I, § 6) by unilaterally reducing their negotiated salary and benefits. (Matter of Quirk v Regan, 148 Misc 2d 300.)
Local Law No. 23 is unconstitutional, invalid and unenforceable as against plaintiffs.

. By stipulation taken on the record on January 13, 1997, the transcript of which was so ordered by the undersigned, plaintiffs’ original order to show cause dated December 3, 1996 (Henry, J.) which sought a preliminary injunction, was converted into a motion for summary judgment.